COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE: | § | No. 08-18-00134-CV |
| | § | |
| GILBERT MALOOLY AND CHRIS | | AN ORIGINAL PROCEEDING |
| MALOOLY, AS PERSONAL | § | |
| REPRESENTATIVES OF THE | | IN MANDAMUS |
| ESTATE OF GERALDINE | § | |
| MALOOLY, TERI FINNEGAN, LEE | | |
| CHAGRA, JR., JOANNA | § | |
| KRANCHER, TINA CHAGRA AND | | |
| LESLIE C. KARAM, | § | |
| | | |
| RELATORS | § | |

## **O P I N I O N**

Gilbert Malooly and Chris Malooly, as personal representatives of the Estate of Geraldine

Malooly (referred to collectively as the Malooly Relators), filed a mandamus petition against the

Honorable Eduardo Gamboa, Judge of the Probate Count No. 2 of El Paso County, Texas. In the

petition, the Malooly Relators challenged the Probate Court's order granting an application for a

partial distribution of $10 million of the Estate of Edward Abraham without first conducting a

hearing. We granted the Malooly Relators' motion to stay the underlying proceeding and

requested that the Real Party in Interest, James Kirby Read, permanent dependent administration

of the Estate of Edward Abraham, file a response to the mandamus petition.[1]

### **THE MALOOLY RELATORS**

---

[1] James Kirby Read is the permanent dependent administrator for the Estate of Edward Abraham,

## AND THE CHAGRA GROUP

Before Read filed his response, Teri Finnegan, Lee Chagra, Jr., Joanna Krancher, and Tina Chagra (referred to collectively as the Chagra Group), notified the Court that their interests are aligned with the Malooly Relators and they adopted the petition for writ of mandamus. *See* TEX.R.APP.P. 9.7. Likewise, Leslie C. Karam adopted the mandamus petition filed by the Malooly Relators. With the exception of Karam, all of the Relators have settled their dispute with the Edward Abraham Estate, and the Probate Court has approved the settlements. Further, the Malooly Relators, the Chagra Group, and the Real Party in Interest have filed an agreed motion to dismiss the mandamus proceeding. We grant the agreed motion to dismiss the petition for writ of mandamus as to the Malooly Relators and the Chagra Group.

## KARAM'S REQUEST FOR MANDAMUS RELIEF

Karam did not join the agreed motion and the Court requested that Karam clarify whether she also sought dismissal of this original proceeding. Karam did not file a motion to dismiss or otherwise respond to the Court's inquiry. Consequently, we must address Karam's request for mandamus relief on the merits.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Insurance Company*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding). A relator bears the burden of demonstrating its entitlement to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). This burden includes providing the appellate court with a record sufficient to make that showing. *See Walker*, 827 S.W.2d at 837; *In re Le*, 335 S.W.3d 808, 813 (Tex.App.—Houston [14th Dist.] 2011, orig. proceeding). Due to the extraordinary nature of the remedy, the right to mandamus relief generally

requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act. *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017)(orig. proceeding); *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999)(orig. proceeding).

Karam did not file her own mandamus petition but rather adopted the petition filed by the Malooly Relators. Pursuant to Rule 9.7, any party may join in or adopt by reference all or any part of a brief, petition, response, motion, or other document filed in an appellate court by another party in the same case. TEX.R.APP.P. 9.7. This rule does not dispense with the requirement that the relator provide the appellate court with a record establishing that the relator is entitled to mandamus relief.

The mandamus record provided by the Malooly Relators is focused on supporting their opposition to the partial distribution of the Edward Abraham Estate, and there is only limited mention of Karam in that record. What we have been able to glean is that Karam is a third-party defendant brought into the case by WestStar Bank Holding Company, the former independent executor of the Estate of Edward Abraham. In their third amended petition in intervention, the Malooly Relators alleged that WestStar brought a claim against Karam for indemnification and contribution, but the WestStar pleadings against Karam are not included in the mandamus record. The record also fails to show that Karam opposed Read's application for partial distribution of the Edward Abraham Estate. Based on the record before us, we conclude that Karam has not established she is entitled to mandamus relief. Accordingly, Karam's petition for writ of mandamus is denied.

August 16, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

- 3 -