In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00086-CV**

**IN RE UNITED WATER RESTORATION GROUP OF GREATER HOUSTON AND UNITED FRANCHISE HOLDINGS, LLC**

_____

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 21-04-05449-CV**

_____

**MEMORANDUM OPINION**

United Water Restoration Group of Greater Houston and United Franchise Holdings, LLC (collectively "United") filed a petition for a writ of mandamus compelling the trial court (1) to vacate its February 15, 2023 order denying United's motion for reconsideration of its motion for leave to designate a responsible third party, and (2) sign an order granting leave to designate A&F General Contractors, LLC as a responsible third party. We stayed the trial and obtained a response from the Real Parties in Interest, Wesley Jones and Lindsey Jones, Individually and as Next of Kin of J.J.J., J.A.J., and E.C.J., Minors (collectively "Jones"). The question

1

we must resolve in this proceeding is whether granting a responsible third-party designation is mandatory in the absence of an objection made within fifteen days of the filing of the motion. We hold the trial court must grant leave to designate A&F General Contractors, LLC as a responsible third party.

## Background

Jones hired United to perform water extraction and drying services after a water leak in a pipe installed in their attic by A&F flooded the first floor of their home. On April 20, 2021, Jones sued United, asserting claims of negligence, gross negligence, breach of contract, and breach of express warranty. Jones alleged improper remediation by United resulted in toxic mold exposure that injured each of the family members. Jones alleged another defendant, Zego, Inc. d/b/a Lone Star Pro Services, was negligent in cleaning the mold from the HVAC system. The trial court set a November 21, 2022, trial date in its docket control orders.

On July 26, 2022, United filed a motion to designate A&F as a responsible third party. United explained that A&F constructed the home, installed the leaky pipe, and performed restoration work after Jones discovered the water damage. United maintained the leak could have been caused by A&F and A&F was responsible for restoration work including replacing wet duct work, repairing plumbing, replacing drywall, and repairing or replacing cabinets and countertops where mold was discovered. In their motion, United alleged Jones had not identified

2

A&F and its owner, Mrs. Jones's father, Phil Amos, as persons having knowledge of relevant facts or as potential parties. United gave notice of entry by submission on September 9, 2022, of the motion to designate responsible third party.

On August 26, 2022, Jones filed a motion for leave to file objections to United's motion for leave to designate. In the motion, Jones stated the objections were due on August 10, 2022, but a paralegal mistakenly calendared the response for September 5, 2022. Jones objected that United's designation was untimely because the statute of limitations on their tort claims ran in January 2022, two years after Jones received test results showing the presence of toxic mold. According to Jones, United had known about Mrs. Jones's father for years but in the initial disclosures they served on November 12, 2021, answered there were no known responsible third parties. Jones objected that United did not seek to designate Amos's company until the statute of limitations passed. Jones also objected that United's motion failed to allege any negligence on the part of A&F.

The trial court ruled that the fifteen-day objection deadline in section 33.004(f) of the Civil Practice and Remedies Code barred Jones's objection that United failed to plead sufficient facts concerning A&F's responsibility. However, the trial court ruled that section 33.004(f) did not apply to Jones's objection to United's late designation under section 33.004(d). The trial court ruled that leave of court was not required for Jones to object to United's untimely disclosure and denied

United's motion to designate because it was not filed before limitations ran on any tort claim against A&F.

United asked the trial court to reconsider its order. United argued that Jones filed their disclosures four months late and then failed to disclose A&F. United claimed it discovered A&F's identity on May 24, 2022, when Jones produced documents in discovery. United stated that after reviewing the document and discovering A&F's identity, on July 26, 2022, it served supplemental disclosures listing A&F and its owner as persons or entities that may be designated as responsible third parties.

On September 28, 2022, the judge presiding over the case recused himself and the Regional Presiding Judge assigned the Honorable Todd A. Blomerth to the case. United filed a mandamus petition to compel Judge Blomerth to declare void all orders by the recused judge. *See In re United Water Restoration Gp. of Greater Houston*, No. 09-22-00346-CV, 2022 WL 17491816, at **1-2 (Tex. App.—Beaumont Dec. 8, 2022, orig. proceeding) (mem. op.). This Court denied the petition because United failed to establish that they asked the respondent judge to vacate the recused judge's orders and failed to demonstrate that they have been harmed by the respondent's failure to vacate the orders sua sponte. *Id*. On February 15, 2023, the trial court denied United's motion for reconsideration of their motion for leave to designate a responsible third party.

4

## Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because "'[a] trial court has no 'discretion' in determining what the law is or [in] applying the law to the facts[.]'" *See Prudential*, 148 S.W.3d at 135. "Allowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record." *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (internal quotations omitted). Ordinarily, "mandamus relief is available to rectify the erroneous denial of a party's timely filed motion to designate a responsible third party." *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 788 (Tex. 2020).

## Statutory Construction

"The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the Legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When possible, we discern legislative intent from the plain meaning of the words chosen. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We analyze statutes "as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017). We consider the words in a statute in the context in which they are used, not in isolation. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). "Where statutory text is clear, that text is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).

## Disputed Issue

The parties dispute the proper construction of Section 33.004 of the Civil Practice and Remedies Code. United argues that under the plain language of Section 33.004(f) the trial court must grant a responsible-third-party designation if no other party files an objection within 15 days of the date on which the motion to designate is filed.

Analogizing subsection (d) and subsection (j), Jones responds subsection (f) does not apply to the other subsections of section 33.004. Jones relies upon *In re Unitec Elevator Services Co.* 178 S.W.3d 53, 61 n.8 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

We disagree with Jones's interpretation of *Unitec*, which concerned the time limit that applies to designating an unknown responsible third party who committed a criminal act that caused the injury. *See Unitec*, 178 S.W.3d at 61. In *Unitec,* the First Court of Appeals recognized the statute's structure indicates the legislature intended to prescribe different procedures for designating named and unnamed persons. *Id*., n.8. Subsection (j), which describes the procedure for designating an unknown responsible third party who commits a criminal act, states that its procedure applies "[n]otwithstanding any other provision of this section[.]" The legislature omitted such language from subsection (d). Furthermore, the use of the word "shall" in subsection (f) evidences the mandatory nature of the duty imposed. *See, e.g.*, *In re City of Galveston*, 622 S.W.3d 851, 857 (quotations omitted) (Tex. 2021) (original proceeding).

Reading subsection (f) to require a party to object to a motion for leave to designate a responsible third party within 15 days after the motion is served does not render subsection (d) meaningless, as Jones argues in their response to the mandamus petition. Rather, subsection (f) provides the procedure through which the

7

defendant's non-compliance with subsection (d) is brought to the attention of the trial court.

We conclude that section 33.004(f) of the Civil Practice and Remedies Code requires the trial court to grant a motion for leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served. Jones did not object to United's motion to designate A&F General Contractors, LLC as a responsible third party on or before the 15th day after having been served with the motion. Based on the record before us, we conclude that the trial court abused its discretion when it failed to properly apply Section 33.004 of the Civil Practice and Remedies Code and grant the motion for leave to designate A&F General Contractors, LLC as a responsible third party. United lacks an adequate remedy by appeal. *See In re Coppola*, 535 S.W.3d at 509. Denial of the writ in this circumstance will impair, and potentially deny, United the significant and substantive right to allow the fact finder to determine the proportionate responsibility of all responsible parties. *Id.*

We lift our stay of March 22, 2023, and we conditionally grant mandamus relief. We are confident the trial court will vacate its February 15, 2023 order denying United's motion for reconsideration of its motion for leave to designate a responsible third party and sign an order granting United's motion for leave to

8

designate A&F General Contractors, LLC as a responsible third party. A writ of mandamus will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on April 6, 2023
Opinion Delivered September 21, 2023

Before Golemon, C.J., Johnson and Wright, JJ.

9