IN RE Frank COPPOLA and Bridget
Coppola, Relators

No. 16-0723

Supreme Court of Texas.

OPINION DELIVERED:
December 15, 2017

Dylan B. Russell, Hoover Slovacek LLP, Galleria Tower II, Houston TX, for Relators.

Scott Allen Lisman, Law Office of John H. Polk, P.C., Houston, TX, for Real Party in Interest.

PER CURIAM

In this tort suit arising from a real-estate transaction, relators Frank and Bridget Coppola seek mandamus relief from an order denying leave to designate the plaintiffs' transactional attorneys as responsible third parties. The motion to designate, which was filed long after an initial trial date but more than sixty days before a new trial setting, was timely. *See* TEX. CIV. PRAC. & REM. CODE § 33.004. Trial courts have no discretion to deny a timely filed motion to designate absent a pleading defect and an opportunity to cure, which did not occur here. *See id.* We therefore conditionally grant the writ.

The Coppolas seller-financed the sale of unimproved property to veterinarian Nancy Adams and Adams Investment Properties, LLC (collectively Adams). Adams intended to use the property to build a veterinary clinic and pet boarding facility and, before closing, confirmed with a city official that the land was properly zoned. Adams also hired two attorneys to furnish legal advice about the promissory note, purchase agreement, price options, and financing.

At closing, the Coppolas provided Adams with a survey showing the property bore a 15-foot right-of-way. Adams subsequently discovered that local ordinances require a 25-foot right-of-way for any commercial improvement. She sued the Coppolas for fraud and deceptive trade practices, alleging they failed to disclose right-of-way limitations that render the property unusable for its intended purpose.

Seventy-six days before the third trial setting, the Coppolas requested leave to designate Adams's legal advisors as responsible third parties. The Coppolas alleged the attorneys breached their duty of care to Adams by failing to disclose the right-of-way ordinance's effect in relation to Adams's desired use of the property. Adams argued the motion was untimely, failed to sufficiently plead facts concerning the attorneys' alleged responsibility for the damages, and improperly sought to designate attorneys as responsible third parties. The trial court summarily denied the motion to designate without granting leave to replead, and the court of appeals denied mandamus relief. No. 01-16-00614-CV, 2016 WL 4766043, at *1 (Tex. App.—Houston [1st Dist.] Sept. 13, 2016, orig. proceeding) (mem. op.).

Subject to certain limitations not at issue here, section 33.004 of the Texas Civil Practice and Remedies Code permits a tort defendant to designate a person as a responsible third party by filing a motion "on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a); *see id.* § 33.002 (making the proportionate-responsibility statute applicable to tort and deceptive-trade-practices claims). The trial court "shall grant leave to designate . . . a responsible third party"

unless another party objects within fifteen days after service. *Id.* § 33.004(f). Even with a timely filed objection, the court must allow the designation unless the objecting party establishes (1) the defendant did not plead sufficient facts concerning the person's alleged responsibility and (2) the pleading defect persists after an opportunity to replead. *Id.* § 33.004(g). The trial court may later strike the designation if, after adequate time for discovery, no legally sufficient evidence of responsibility exists. *Id.* § 33.004(*l*).

■ Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). In this case, the trial court erroneously denied the Coppolas' motion because it was filed more than sixty days before the trial setting and the trial court did not afford an opportunity to cure any pleading deficiency. We find nothing in the proportionate-responsibility statute supporting a construction of section 33.004(a) as limiting the phrase "the trial date" to an initial trial setting rather than the trial date at the time a motion to designate is filed. Moreover, Adams's policy arguments notwithstanding, nothing in the proportionate-responsibility statute precludes a party from designating an attorney as a responsible third party. *See El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 418 (Tex. 2017) (statutes are construed using a text-based approach that gives effect to the plain meaning of undefined terms, within the context of the statute as a whole, unless doing so produces an absurd result).

Relying on *American Title Co. v. Bomac Mortgage Holdings, LP*, Adams asserts that a trial resetting does not alter an original designation deadline absent a court order or the parties' agreement to extend the deadline. 196 S.W.3d 903, 908-09 (Tex. App.—Dallas 2006, pet. granted, judgm't vacated w.r.m.). Adams misconstrues *Bomac*'s holding. In *Bomac*, the motion to designate was untimely when filed; the trial continuance occurred after the motion was filed; the trial was continued for the " 'very limited' " purpose of allowing additional discovery; and the scheduling order explicitly stated that a trial continuance would not alter any deadlines unless specifically provided by order. *Id.* None of these circumstances are presented here. *Bomac* is thus inapposite. Applying section 33.004(a) according to its plain language, the Coppolas' motion to designate was timely filed.

■ We need not determine whether the Coppolas pleaded sufficient facts regarding the attorneys' alleged responsibility, because even if a deficiency existed, the trial court lacked discretion to deny the motion to designate without affording them an opportunity to replead. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(g); *see also In re Smith*, 366 S.W.3d 282, 288 (Tex. App.—Dallas 2012, orig. proceeding) ("[T]he trial judge was statutorily required to give relators an opportunity to replead before denying their motion, regardless of whether they made a specific request for time to replead.").

■ In rejoinder, Adams posits that parties are—or should be—categorically prohibited from designating attorneys as responsible third parties. This argument cannot be squared with the statute's provisions. By special definition, a "responsible third party" is "any person who is alleged to have caused or contributed to causing in anyway the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.011(6). The statute explicitly exempts from the definition "a seller eligible for indemnity under Section 82.002" and no others. *Id.* Even if we were to credit

Adams's speculative concerns about the possibility of collateral disciplinary consequences, we cannot judicially amend the statute to exempt legal professionals and must, instead, "apply the statute as written." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015). We further note that Adams's policy concerns seem unfounded in light of the statutory directive that neither a section 33.004 designation nor a finding of fault against the person "impose[s] liability on the person." TEX. CIV. PRAC. & REM. CODE § 33.004(i). And, more to the point, neither can "be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person." *Id.*

■ We next address the adequacy of an appellate remedy, an issue we have not previously considered in the context of a section 33.004 responsible-third-party designation. Relying on the standard articulated in *In re Prudential Insurance Co. of America*, 148 S.W.3d 124 (Tex. 2004) (orig. proceeding), however, a majority of our intermediate appellate courts have held that when a timely filed motion to designate a responsible third party is erroneously denied, no adequate remedy by appeal ordinarily exists. *See In re Bustamante*, 510 S.W.3d 732, 739 (Tex. App.—San Antonio 2016, orig. proceeding) (en banc) (overturning prior precedent holding otherwise); *see also In re Volvo Group N. Am., LLC*, No. 10-16-00113-CV, 2016 WL 3136354, at *2 (Tex. App.—Waco June 2, 2016, orig. proceeding) (mem. op.); *In re Greyhound Lines, Inc.*, No. 05-07-01646-CV, 2014 WL 1022329, at *4 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.); *In re E. Rio Hondo Water Supply Corp.*, No. 13-12-00528-CV, 2012 WL 5377898, at *10 (Tex. App.—Corpus Christi Oct. 29, 2012, orig. proceeding) (mem. op.); *In re Altec Indus., Inc.*, No.

10-12-00207-CV, 2012 WL 2469542, at *2 (Tex. App.—Waco June 22, 2012, orig. proceeding) (mem. op.); *In re Smith*, 366 S.W.3d 282, 288-89 (Tex. App.—Dallas 2012, orig. proceeding); *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex. App.—El Paso 2010, orig. proceeding).

In *Prudential*, we explained that "adequate" is merely "a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts" and an "adequate" appellate remedy exists when "any benefits to mandamus review are outweighed by the detriments." 148 S.W.3d at 136. In weighing the benefits of mandamus review, we conclude, consistent with the weight of appellate authority, that the benefits generally outweigh the detriments. Allowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 81-82 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (internal quotation marks omitted, alteration in original) (discussing and collecting authorities weighing benefits against detriments of mandamus review). The denial of mandamus review impairs—and potentially denies—a litigant's significant and substantive right to allow the fact finder to determine the proportionate responsibility of all responsible parties. *See id.* at 84 ("The denial of [a party's] right to allow the jury to determine the proportionate responsibility of all responsible parties is a significant ruling and mandamus review will prevent the impairment or loss of this substantive right."); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding) ("The

most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved."). Accordingly, we hold that, ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion. *Cf. In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 299-300 (Tex. 2016) (orig. proceeding) (holding similarly with regard to a plea in abatement in a dominant-jurisdiction case).

■■■ As an "alternative" request for relief, the Coppolas ask the Court to dismiss Adams's claims altogether, asserting she has not suffered a cognizable injury unless and until she unsuccessfully pursues a variance from the 25-foot right-of-way ordinance. Ripeness is a component of subject-matter jurisdiction, *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000), and courts have a duty to determine their jurisdiction, *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding). We have recognized that issues affecting subject-matter jurisdiction, like ripeness, maybe raised for the first time on appeal, including interlocutory appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94-95 (Tex. 2012).

■■■ This is not an appeal, however, but a mandamus proceeding. Due to the ex-

traordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding). The record bears nary a hint that ripeness was questioned in the proceedings below, and the Coppolas have not argued or shown that the facts present one of the "rare occasions" in which the predicate-request requirement should be relaxed. *See id.* We therefore deny the Coppolas' alternative relief request.[1]

Without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying the Coppolas' section 33.004(a) motion to designate responsible third parties. The writ will issue only if it fails to do so.

---

1. In *In re City of Dallas*, we considered sua sponte the subject-matter jurisdiction of a county court to grant a Rule 202 pre-suit discovery petition when the damages for the claims under investigation likely exceeded the court's jurisdictional maximum. 501 S.W.3d 71, 73-74 (Tex. 2016) (orig. proceeding) (citing TEX. R. CIV. P. 202.1(b)). We observed courts cannot render binding judgments in matters over which subject-matter jurisdiction is lacking nor allow a party to obtain by Rule 202 what it would be denied in the anticipated action. Thus, if the county court lacked subject-matter jurisdiction over the anticipat-

ed action, it could not grant relief under Rule 202. The record did not conclusively negate jurisdiction based on the amount in controversy, but rather than addressing the ultimate merits issue, we directed the trial court to vacate its order granting the Rule 202 petition and remanded with instructions to determine jurisdiction in the first instance. *Id.* at 74. Notably, the issue in the mandamus proceeding concerned the ultimate relief requested in the underlying action, and the parties had made a predicate request to dismiss for want of jurisdiction, albeit on other grounds. *Id.* at 73. *In re City of Dallas* is thus distinguishable.