**Denied and Opinion Filed July 18, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00827-CV

### IN RE BABAK TAHERZADEH, Relator

**Original Proceeding from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F16-12037**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

In this original proceeding, relator seeks a writ of mandamus directing the district court to return to relator all costs, fees, fines, penalties, and expenses paid by relator in the underlying proceeding. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). "Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order

complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Rule 52.3(h), in turn, requires the petition to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(h). The petition must also include other information, including a statement of the case, a statement of jurisdiction, and a statement of facts. TEX. R. APP. P. 52.3.

Here, relator's petition does not include an appendix or mandamus record as required by rules 52.3 and 52.7 and meets none of the other requirements of rule 52.3. This petition is insufficient to establish that relator asked the trial court to return to relator all costs, fees, fines, penalties, and expenses paid by relator and that the trial court has either refused to act within a reasonable time or erroneously denied the relief requested. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190827F.P05