**Denied and Opinion Filed January 28, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-01008-CV

## IN RE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Relator

### Original Proceeding from the 468th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 468-54807-2011

## MEMORANDUM OPINION

Before Justices Pedersen, III, Carlyle, and Garcia
Opinion by Justice Pedersen, III

In its November 18, 2020 petition for writ of mandamus, relator Office of the Attorney General (OAG) asks this Court to compel the trial court to vacate: (1) a July 22, 2020 order directing mother to pay child support to the state disbursement unit, and directing OAG to refund grandparents for funds recouped from them, and (2) an October 15, 2020 order terminating recoupment by OAG. Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

"Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding). Based on the petition and the record before us, we conclude relator has failed to show it first requested from the trial court the relief it seeks, or that making such a request would be futile. *See In re Office of Attorney General*, No. 14-16-00622-CV, 2016 WL 5853304 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (requiring relator, in similar factual circumstances, to show it afforded trial court an opportunity to rule on arguments advanced in mandamus petition). Accordingly, we deny the petition for writ of mandamus without prejudice to refiling after the issues stated in the petition have been presented to and ruled on by the trial court. Having denied mandamus relief, we also deny the motion for temporary stay as moot.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

201008f.p05

–2–