**DISSENTING and Opinion Filed May 11, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00127-CV

### IN RE PAUL RUDNICKI, Relator

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-00644**

## DISSENTING OPINION
Opinion by Justice Schenck

I dissent from the panel's decision to deny relator's petition for writ of mandamus in connection with the trial court's denial of relator's motion for leave to designate a responsible third party because it is in direct conflict with the Court's recent en banc decision concerning the availability of mandamus to correct a refusal to allow a designation of a responsible third party and Texas Supreme Court authority concerning the designation deadline.

### APPLICABILITY OF MANDAMUS RELIEF

Mandamus is an extraordinary remedy granted only when the relator establishes an abuse of discretion by the trial court and an inadequate appellate remedy. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex.

2018) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding).

## BACKGROUND

The real parties in interest, plaintiffs below, sued relator and Frank Peterman, former officers of real parties in interest Thompson Petroleum Corporation and the J. Cleo Thompson and James C. Thompson, Jr., L.P. Partnership Companies,[1] to recover bonuses that were paid in connection with the closing of an oil and gas transaction known as Red Bull. The real parties in interest settled their claims against Peterman and, more than a year before the current trial setting of June 8, 2021, relator sought to designate Peterman and real parties in interest's legal counsel, David Drumm, who was involved in the negotiations over the bonuses, as responsible third parties, having identified them as potential responsible third parties in his disclosures of January 20, 2020, a year and a half before the current trial setting. The real parties in interest objected to the designations, and on December 4, 2020, the trial court allowed leave to designate Peterman as a responsible third party and denied leave to designate Drumm as such. Relator then initiated this original proceeding asserting the trial court abused its discretion by denying him

---

[1] Dorothy Thompson, J. Cleo Thompson, Jr.'s surviving wife, and Linda Gordan and Christy Thompson, J. Cleo Thompson, Jr.'s daughters, are also real parties in interest.

leave to designate Drumm and citing *In re Coppola* in support of his contention mandamus review is appropriate. 535 S.W.3d 506 (Tex. 2017) (orig. proceeding).

**DISCUSSION**

## I.    Abuse of Discretion

Section 33.004(a) of the Texas Civil Practice & Remedies Code provides a defendant may seek leave to designate a responsible third party by filing a motion on or before 60 days before the trial date unless the court finds good cause to allow the motion to be filed at a later date. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Relying on *American Title Company v. Bomac Mortgage Holdings, LP*, real parties in interest assert that the trial court's resetting of the initial trial setting of June 9, 2020, did not alter the deadline by which relator was to designate responsible third parties and thus, claim real parties in interest, relator's designation of June 4, 2020, was untimely. 196 S.W.3d 903, 908–09 (Tex. App.—Dallas 2006, pet. granted, judgm't vacated w.r.m.). Real parties in interest's reliance on *Bomac* is misplaced as that case involved a materially distinct posture from the current case. In that case, the trial was continued for the "very limited" purpose of allowing additional discovery, and the scheduling order explicitly stated that a trial continuance would not alter *any* deadlines unless specifically provided by order. *Id.* Here, the scheduling order that set trial on June 9, 2020, did not reference designations of responsible third parties or the Texas Civil Practice & Remedies Code and did not alter the deadline for designating responsible third parties. Thus,

–3–

applying the Texas Supreme Court's precedent, which applied section 33.004(a) according to its plain language, relator's motion to designate was timely filed. *See Coppola*, 535 S.W.3d at 507–08 (concluding, under circumstances similar to those presented here, motion to designate filed long after initial trial date, but more than 60 days before new trial setting, was timely). Accordingly, I conclude the trial court abused its discretion in denying leave to designate Drumm as a responsible third party.

Regardless, had the initial trial setting controlled, making the motion untimely, the trial court would still be obliged to consider the motion to determine whether good cause existed to grant leave to designate the responsible third parties. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Here, the trial court recognized this obligation, in part, by granting leave as to Peterman, but not as to Drumm. Relator disclosed both Peterman and Drumm as potential responsible third parties in response to requests for disclosure in January 2019, almost six months prior to filing his formal designation and the initial trial setting, and a year and a half before the current trial setting. I find it difficult to fathom how good cause did not exist to allow the designation under these circumstances.

## II. Adequate Remedy by Appeal

With respect to the adequacy of an appellate remedy, this Court has spoken to this issue with respect to designations of responsible third parties over my dissent and has concluded any error in denying a designation is subject to mandamus. *See*

*In re Cook*, No. 05-20-00205-CV, 2021 WL 1660645, at *5 (Tex. App.—Dallas April 28, 2021, orig. proceeding).[2]

## CONCLUSION

I would conclude relator established the trial court abused its discretion in denying him leave to designate Drumm as a responsible third party and relator has no adequate remedy by appeal. Accordingly, I would conditionally grant relator mandamus relief. Thus, I dissent from the majority's decision.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210127DF.P05

---

[2] In *Cook*, this Court, sitting en banc, concluded the trial court abused its discretion in denying relators' motion to designate Ken Paxton—due to his service as counsel to and as manager and member of an entity that sold mineral interests that were the subject of the lawsuit—as a responsible third party, and found there was no adequate remedy at law. *Cook*, 2021 WL 1660645, at *6. I dissented from the Court's decision in *Cook* because the focus of Chapter 33 is on responsibility, not liability, and the statute permits third-party designation for the purpose of reducing the designating party's responsibility for the judgment. *Id.* at *6–10; *see also* TEX. CIV. PRAC. & REM. CODE § 33.013(a). Where the legislature has made a separate apportionment decision in a statute, such as permitting the aggrieved party to recover in full against any wrongdoer, *e.g.*, *Southwest Bank v. Information Support Concepts, Inc.*, 149 S.W.3d 104, 111 (Tex. 2004), I read Chapter 33 as inapplicable. Thus, the designation under section 33.004(a) should not be permitted as any apportionment would have no potential of reducing the wrongdoer's responsibility for damages awarded.