**Deny and Opinion filed June 10, 2022**



**In The**
### Court of Appeals
### Fifth District of Texas at Dallas

_____

## No. 05-22-00554-CV
_____

## IN RE AURELIA HEPPNER, Relator

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-21273**

### MEMORANDUM OPINION
Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Before the Court are relator's June 7, 2022 petition for writ of mandamus, relator's emergency motion for temporary relief, and real party in interest J.B.'s June 10, 2022 concurrence with relator's petition and motion. Relator challenges enforcement of the trial court's order for J.B. to be interviewed by the Family Court Services after eighteen-year-old J.B. graduated from high school after this Court denied relator's previous petition for writ of mandamus. Relator also challenges the trial court's consideration of Family Court Services' report of E.B.'s interview after the trial court failed to ensure that a record of the interview was

made despite relator's assertion of the right under Texas Family Code section 153.009(f) to have such record made.  TEX. FAM. CODE § 153.009(f).

Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

"Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding). Based on the petition and the record before us, we conclude relator has failed to show she first requested from the trial court the relief she seeks, or that making such a request would be futile. *See In re Off. of Att'y Gen. of Texas*, No. 05-20-01008-CV, 2021 WL 282565, at *1 (Tex. App.—Dallas Jan. 28, 2021, orig. proceeding) (mem. op.) (requiring relator to show it afforded trial court an opportunity to rule on arguments advanced in mandamus petition).

Relator also failed to comply with requirements set out in Rule 52 for filing a petition for writ of mandamus.  Relator failed to properly caption the petition as set out in Rule 52.1.  *See* TEX. R. APP. P. 52.1.  Relator failed to certify that relator has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record as is required by Rule 52.3(j).  *See* TEX. R. APP. P. 52.3(j).  And because relator's

appendix includes two incomplete documents, we conclude that relator, as the party seeking relief, has not met the burden of providing the Court with a copy of every document that is material to establishing her right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1).

Accordingly, we deny the petition for writ of mandamus. Having denied mandamus relief, we also deny the motion for temporary stay as moot.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

220554f.p05