

# NUMBER 13-22-00082-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KELLY KILCOYNE, M.D.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides[1]**

In this medical malpractice case, relator Kelly Kilcoyne, M.D. seeks mandamus relief from a trial court order striking the designation of Stryker Corporation and J.J. Trujillo as responsible third parties under Chapter 33 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion only if its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839; *see In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Under Chapter 33's statutory scheme, "trial courts have no discretion to deny a timely filed motion to designate absent a pleading defect and an opportunity to cure." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g). Similarly, "the trial court must strike the designation if, after an adequate time for discovery, (1) a party asserts that no evidence supports the designated person's responsibility for the claimant's injury or damage, and (2) the defendant fails to "produce[ ] sufficient evidence to raise a genuine issue of fact." *In re Eagleridge Operating, LLC*, 642 S.W.3d at 525 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l)). Our review of the trial court's ruling on a motion to strike a third party designation mirrors that utilized in reviewing a no evidence summary judgment. *See id.* at 526 (collecting cases); TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l) ("The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a

2

genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.").

Mandamus relief is available when a trial court abuses its discretion in denying a timely filed motion to designate a responsible third party. *In re Eagleridge Operating, LLC*, 642 S.W.3d at 526; *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 788 (Tex. 2020) (orig. proceeding) (per curiam). "In such cases, an adequate appellate remedy is ordinarily lacking because allowing a case to proceed to trial without a properly requested responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record.'" *In re Mobile Mini, Inc.*, 596 S.W.3d at 788 (cleaned up) (quoting *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (per curiam)). Thus, "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed [§] 33.004(a) motion." *In re Coppola*, 535 S.W.3d at 510. Whether mandamus relief is available when a trial court abuses its discretion in striking a responsible third party designation, as opposed to denying a timely filed motion to designate, is a different but "arguably analogous" issue. *In re Eagleridge Operating, LLC*, 642 S.W.3d at 526. In *Eagleridge*, the real parties in interest "question[ed] whether mandamus is appropriate when a designation has been stricken—as opposed to being denied in the first instance—because the decision to grant leave to designate is made on the pleadings while an order striking a designation is based on the merits and is similar to a summary judgment, for which mandamus is usually unavailable." *Id.* The real parties

"suggested that mandamus from an order striking a responsible-third-party designation should only be permitted when the relator demonstrates that the benefits of mandamus outweigh any detriments in the particular case." *Id.* The supreme court did not decide that issue; however, because it concluded that the trial court did not abuse its discretion in striking the third party designation. *Id.*

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest Mary Jorgenson, the reply thereto filed by relator, the response filed by Valley Baptist Medical Center, and the additional briefing provided by relator, is of the opinion that relator has not met his burden to obtain extraordinary relief. Based on the record provided and the applicable law, relator has not established that the trial court abused its discretion or that relator lacks an adequate remedy by appeal. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

GINA M. BENAVIDES
Justice

Delivered and filed on the
21st day of June, 2022.

4