**DENIED and Opinion Filed September 27, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00924-CV

## IN RE KAREN VANDERLIGHT, Relator

**Original Proceeding from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-53321-2021**

## MEMORANDUM OPINION
Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Kennedy

The suit underlying this original proceeding is a divorce proceeding wherein the trial court signed a final decree of divorce on July 10, 2023. On September 20, 2023, relator filed a petition for writ of mandamus wherein she challenges the trial court's July 10, 2023 Order for Appointment of Receiver (the Receivership Order) and the trial court's purported oral ruling at a September 14, 2023 hearing for relator to vacate the marital residence by September 28, 2023.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). A trial court, however, abuses its discretion when it issues a void order, and a relator need not show that it lacks an adequate remedy by appeal from a void order. *In re PJD Law Firm, PLLC*, No. 05-23-00012-CV, 2023 WL 2887616, at *2 (Tex. App.—Dallas April 11, 2023, orig. proceeding) (mem. op.). Relator bears the burden of providing the Court with a sufficient record to show she is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

We conclude that relator failed to meet her burden to provide the Court with a sufficient record for at least four reasons. First, we may issue a writ of mandamus based on a court's oral pronouncements only if the trial court's ruling is a clear, specific, and enforceable order that is adequately shown by the record. *In re Penney*, No. 05–14–00503–CV, 2014 WL 2532307, at * 2, n.3 (Tex. App.—Dallas June 4, 2014, orig. proceeding) (mem. op.). We can determine whether an oral order meets these criteria by reviewing the reporter's record from the hearing. *Id.*; *see also In re Winters*, No. 05–08–01486–CV, 2008 WL 5177835, at *1, n. 1 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.). Here, there is no written order in the record requiring relator to vacate the marital residence by September 28, 2023, and relator has not provided a reporter's record of the September 14, 2023 hearing at which the oral ruling was purportedly made. Under these circumstances, the record is insufficient for mandamus review. *See In re Cokinos*, No. 05–16–01331–CV, 2016 WL 7163968, at *1 (Tex. App.—Dallas Nov. 16, 2016, orig. proceeding) (mem. op.).

Second, relator is required to file with her petition a properly authenticated transcript of any relevant testimony from the underlying proceeding. TEX. R. APP. P. 52.7(a)(2). Relator raises at least one complaint relating to the purported oral ruling to vacate that concerns testimony the receiver provided at the September 14, 2023 hearing. Relator also raises evidentiary complaints relating to the Receivership Order based on the evidence presented at the November 2022 trial and July 10, 2023 hearing. Relator, however, did not provide the Court with a reporter's record of either hearing or of the trial. *See id.*

Third, relator contends she lacked notice of the purpose of the September 14, 2023 hearing wherein the trial court purportedly orally ordered her to vacate the marital residence. But relator failed to provide the Court with a reporter's record of the prior hearings relating to the receivership on July 10, 2023, and August 3, 2023, to enable this Court to review her complaint.

Fourth, every factual statement in relator's petition must be supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(g), (j). Here, however, relator's request for mandamus relief relies upon several factual statements that are not supported by documents in her appendix or record.

Additionally, "the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (per curiam). "The extraordinary nature of the mandamus remedy and the requirement that a party seeking mandamus

relief exercise diligence both mandate that arguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus." *In re Floyd*, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.); *see also In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.) ("A court cannot grant mandamus relief unless the error was raised in the trial court," and "[a] party seeking mandamus must direct the Court to where the argument was presented to the trial court."). Here, the record before us does not demonstrate that relator has raised any of her complaints in the trial court.

Accordingly, we deny relator's petition for writ of mandamus.

Also before the Court are relator's September 21, 2023 Emergency Motion to Stay Eviction Pending Appeal and Emergency Motion to Stay the Sale and Receivership of the Marital Residence Pending Appeal. We deny both emergency motions as moot.

Further, the appendix attached to relator's mandamus contains unredacted sensitive data in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9. Such data includes financial account information and the full names, birthdates, and home addresses of a minor and of an adult who was minor when the underlying suit was filed. *See id.*

Accordingly, we strike relator's petition for writ of mandamus, including its attached appendix.


<span style="padding-left:40%">/Nancy Kennedy/</span>

<span style="padding-left:40%">NANCY KENNEDY</span>
<span style="padding-left:40%">JUSTICE</span>

230924F.P05