**DENIED and Opinion Filed October 25, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00817-CV**
_____

**IN RE ALEE PENCE, LAUREN TROMMER, AND SHAUN BELCHER,**
**Relators**

**Original Proceeding from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-23-0428**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

Before the Court is relators' August 21, 2023 petition for writ of mandamus.

Relators contend the trial court abused its discretion by granting real party in interest's rule 202 petition to take the presuit oral depositions of relators.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators bear the burden of providing the Court with a record sufficient to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Among other requirements, a relator must file with its

petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).

To the extent relators contend that real party did not meet her evidentiary burden under rule 202, the record before us reflects that the trial court held evidentiary hearings on real party's rule 202 petition on May 8, 2023, and June 2, 2023. We have a reporter's record of only the first hearing. Relators' only mention of the June 2, 2023 hearing is in an affidavit they included in their appendix. The affiant, one of relators' attorneys, states:

> I further swear that I was present and represented Relators at the hearings on May 8, 2023, and June 2, 2023, on Petitioner's request for Rule 202 depositions in the trial court. . . . Relators are not including a transcript of the June 2, 2023 hearing in its Record *because no transcript exists and testimony was adduced*. [Emphasis added.]

Thus, the record before us reflects that testimony was adduced at the June 2, 2023 hearing. But relators failed to provide this Court with a transcript of that testimony contrary to the requirements of the appellate rules, providing this Court with an insufficient record for mandamus review. *See id*. If the trial court received evidence at a hearing giving rise to a mandamus challenge, the party seeking mandamus relief must provide this Court with transcripts of any relevant testimony.[1] TEX. R. APP.

---

[1] Such evidence would include statements made by counsel under circumstances that clearly indicate counsel is tendering evidence to the trial court without objection. *See Jackson v. Takara*,

P. 52.7(a)(2). Without a reporter's record of the June 2, 2023 hearing, we must presume that there was evidence to support the trial court's finding. *See In re Lowery*, No. 05-14-01401-CV, 2014 WL 5862199, at \*1 (Tex. App.—Dallas Nov. 13, 2014, orig. proceeding) (mem. op.).

Additionally, to the extent relators contend the trial court failed to strictly limit and supervise the depositions, the record before us does not show that relators raised their complaints in the trial court before seeking mandamus relief. *See In re Floyd*, No. 05-16-00491-CV, 2016 WL 2353874, at \*1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.) ("The extraordinary nature of the mandamus remedy and the requirement that a party seeking mandamus relief exercise diligence both mandate that arguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus."); *see also In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at \*1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.) (stating "[a] court cannot grant mandamus relief unless the error was raised in the trial court," and "[a] party seeking mandamus must direct the Court to where the argument was presented to the trial court").

To the extent relators argue that the trial court abused its discretion by granting real party's rule 202 petition because real party failed to overcome relators' assertion

No. 22-0288, 2023 WL 5655867, at \*4 (Tex. Sept. 1, 2023) (per curiam) (noting that while an attorney's statements are not evidence unless made under oath, the oath requirement is waived if the opponent fails to object when she knows or should know that an objection is necessary) (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam)).

of immunity, relators raised this argument in a plea to the jurisdiction that they filed after real party amended her rule 202 petition. The record, however, does not reflect relators ever set their plea to the jurisdiction for hearing or that the trial court ruled on relators' plea to the jurisdiction. *See In re Z Resorts Mgmt., LLC*, No. 05-23-00425-CV, 2023 WL 5843583, at *5 (Tex. App.—Dallas Sept. 11, 2023, orig. proceeding) (mem. op.) (holding relator failed to preserve complaint regarding appointment of guardian ad litem when trial court had not yet ruled on relators' objections); *see also In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (per curiam) (orig. proceeding) (declining to consider a ripeness challenge first raised in the mandamus petition).

As to relators' remaining arguments, after reviewing relators' petition, real party's response,[2] relators' reply, and the record before us, we conclude that relators have failed to demonstrate entitlement to mandamus relief. Additionally, even if (1) we assume without deciding that there was a typographical error in the attorney's affidavit and no testimony was adduced at the June 2, 2023 hearing, (2) relators had raised their complaints about the lack of limitations on the depositions in the trial court, and (3) the trial court implicitly denied relators' plea to the jurisdiction, we conclude that relators have failed to demonstrate entitlement to mandamus relief based on the petition, response, reply, and record before us.

---

[2] Real party filed a response to relators' mandamus petition without the Court's requesting a response.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Further, the appendix attached to relators' petition and real party's response to the mandamus petition contain unredacted sensitive data, including a minor's birthdate, in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9. Accordingly, we strike relators' petition, including its attached appendix, and we strike real party's response in opposition to relators' petition for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230817F.P05