**DENIED and Opinion Filed April 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00471-CV**

**IN RE TAVA ROMAINE, Relator**

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-02428-E**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Garcia
Opinion by Justice Smith

Before the Court is relator's April 22, 2024 petition for writ of mandamus.

Relator challenges the trial court's December 13, 2023 Order on Defendant Plan B

Dsgn's LLC's Amended Traditional and No-Evidence Motion for Summary

Judgment. Relator generally contends the trial court granted real party in interest's

amended summary-judgment motion without providing relator with notice and an

opportunity to be heard in violation of her due-process rights.

Entitlement to mandamus relief requires relator to show that the trial court

clearly abused its discretion and that relator lacks an adequate appellate remedy. *In

re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). "Due to the extraordinary nature of the remedy, the right to mandamus

relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam).

Based on the petition and record before us, we conclude relator has failed to show that she first requested from the trial court the relief she seeks or that making such a request would be futile. *In re Heppner*, No. 05-22-00554-CV, 2022 WL 2093031, *1 (Tex. App.—Dallas June 10, 2022, orig. proceeding) (mem. op.). In any event, we conclude relator has failed to demonstrate she lacks an adequate remedy by appeal.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

240471F.P05

/Craig Smith/
CRAIG SMITH
JUSTICE