

**NUMBER 13-24-00227-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE U.S. RISK, INC.**

**ON PETITION FOR WRIT OF MANDAMUS**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Justice Longoria[1]**

On May 6, 2024, relator U.S. Risk, Inc. filed a petition for writ of mandamus asserting that the trial court abused its discretion by refusing to recognize a mandatory abatement under the Texas Insurance Code. *See* TEX. INS. CODE ANN. §§ 541.154, 541.155. Relator has also filed an emergency motion seeking to stay the trial court proceedings, including the trial of this case set by agreement to ensue on May 13, 2024,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

pending the resolution of its petition for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Because mandamus is an extraordinary remedy, "the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) (quoting *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam)).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met its burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and the emergency motion to stay.

NORA L. LONGORIA
Justice

Delivered and filed on the
7th day of May, 2024.

2