**DENIED and Opinion Filed July 1, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-24-00671-CV
_____

## IN RE JENNIFER LATIOLAIS, Relator

**Original Proceeding from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-21-14155**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Molberg

Before the Court are relator's June 24, 2024 amended petition for writ of mandamus and amended emergency motion for temporary relief. In her petition, relator challenges (1) the trial court's order denying her traditional and no-evidence motion for summary judgment and order denying to reconsider the same and (2) the trial court's order transferring a case from another county to Dallas County and consolidating it with the underlying case. In her emergency motion, relator seeks to stay these trial court orders pending our action on the petition.

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.3(g), 52.3(h), 52.3(j),

52.7(a)(1), 52.7(a)(2). For example, relator failed to provide the rule 52.3(j) certification required for consideration of mandamus relief. *See In re Cantu*, No. 05-23-01131-CV, 2023 WL 7871643, at \*1 (Tex. App.—Dallas Nov. 16, 2023, orig. proceeding) (mem. op.); *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at \*1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.) (explaining that our precedent requires "exceptionally strict compliance" with rule 52.3(j) and that "[t]o comply with prior opinions of this Court that interpret mandamus rules, relators should use the exact words of rule 52.3(j) without deviation in their certification").

Even if these defects did not exist, we would deny the petition. Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator bears the burden of providing the Court with a record sufficient to show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a).

Regarding relator's first issue, "mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). After reviewing relator's amended petition and the record before us, we conclude that relator has failed to demonstrate entitlement to mandamus relief on this issue.

Regarding her second issue, the predicate request-and-refusal doctrine precludes us from granting any relief. *See In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) (discussing generally predicate request-and-refusal doctrine). Separate from the trial court's order to *consolidate*, relator also challenges the trial court's threshold ruling to unilaterally *transfer* a case pending in a separate court in a separate county, arguing it lacked the power to do so. Although this issue raises a serious question, nothing in the record before us shows that this argument was presented to the trial court before relator sought mandamus relief. *See id.*; *In re Dunn*, No. 14-23-00666-CV, 2023 WL 5921522, at *1 (Tex. App.—Houston [14th Dist.] Sept. 12, 2023, orig. proceeding) (mem. op.) ("Equity generally is not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address."); *In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.) ("The purpose of this rule is to ensure that the trial court has the opportunity to rule on matters for which parties later seek review in the appellate court.").

Although it is possible relator made this argument orally at a hearing before the trial court, relator did not provide this Court with a reporter's record showing she did. Nor has relator argued or shown here that the facts present one of the "rare occasions" in which the predicate-request requirement should be relaxed. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam).

Accordingly, we deny relator's amended petition. *See* TEX. R. APP. P. 52.8(a).

We also deny as moot relator's amended emergency motion.

/Ken Molberg/
KEN MOLBERG
JUSTICE

240671F.P05