

# NUMBER 13-25-00177-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE C.H. ROBINSON COMPANY AND
## C.H. ROBINSON COMPANY, INC. D/B/A ROBINSON FRESH

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators C.H. Robinson Company and C.H. Robinson Company, Inc. d/b/a Robinson Fresh assert that the trial court has abused its discretion by failing to rule on their emergency motions for substitution of counsel and for the continuance of trial. Relators terminated the employment of their trial counsel on April

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

10, 2025, filed their emergency motions on April 11, 2025, and filed this original proceeding on April 11, 2025. The trial of this matter is currently set to commence on April 14, 2025. Relators have filed an emergency motion for temporary stay seeking to stay the current trial setting pending the resolution of their petition for writ of mandamus. *See* TEX. R. APP. P. 52.10.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) (quoting *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam)).

The Court, having examined and fully considered relators' petition for writ of mandamus, the record presented, and the applicable law, is of the opinion that relators

2

have not met their burden to obtain mandamus relief. Accordingly, we deny both the petition for writ of mandamus and the emergency motion for temporary stay.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
11th day of April, 2025.