In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00192-CV**

_____

**IN RE HORIZON RADIOLOGY I LIMITED**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 25-01-01083**

**MEMORANDUM OPINION**

Horizon Radiology I Limited ("Horizon") sought mandamus relief from an order denying a temporary restraining order ("TRO"). *In re Horizon Radiology I Ltd,* No. 09-25-00175-CV, 2025 WL 1427748, at *1 (Tex. App.—Beaumont May 16, 2025, orig. proceeding) (mem. op.).[1] We denied mandamus relief. *Id*. Horizon returned to the trial court, which conducted an evidentiary hearing on Horizon's

---

[1]Our Opinion in No. 09-25-00175-CV described the parties' dispute and the proceedings that occurred in the trial court. *See In re Horizon Radiology I Ltd,* No. 09-25-00175-CV, 2025 WL 1427748, at *1 (Tex. App.—Beaumont, orig. proceeding) (mem. op.). For the sake of brevity, we will not repeat ourselves here.

1

application for another TRO. At the conclusion of the hearing, the trial court denied Horizon's request. In a mandamus petition, Horizon argues the trial court abused its discretion (1) by denying Horizon's request for another TRO because the trial court had found irreparable harm in the first TRO, and (2) by refusing to enforce the January 24, 2025, TRO, which Horizon argues is still in effect. We deny Horizon's motion for temporary relief, and we deny Horizon's petition for a writ of mandamus.[2]

In its petition for a writ of mandamus, Horizon challenges the trial court's refusal to grant Horizon another ex parte temporary restraining order in a contract dispute between Horizon and Real Party in Interest DataBank Holdings Ltd. ("DataBank"). Additionally, Horizon argues the January 25, 2025 TRO is still in effect and that the trial court abused its discretion by refusing to enforce the order on May 20, 2025. The trial court rejected Horizon's argument and the trial court's ruling is supported by the mandamus record.

---

[2]Horizon filed a motion for temporary relief that asked this Court to (1) order that DataBank immediately restore Horizon's access to its systems in the same manner and capacity it had on May 12, 2025, (2) enjoin DataBank from destroying any data, applications, servers, or connectivity that Horizon uses, (3) enjoin DataBank from destroying critical medical data and infrastructure, (4) order DataBank to follow the Rule 11 agreement and negotiate the additional time Horizon needs in good faith, and (5) require Databank to provide a sworn statement that it protected Horizon's data and did not act, instruct, or allow others to act to harm or destroy Horizon's data.

The trial court disagreed with the factual premise for Horizon's argument and so do we.

On January 25, 2025, the trial court granted an ex parte temporary restraining order that restrained DataBank from terminating any services that DataBank provides to Horizon or limiting Horizon's access to those services in any manner. The order set a temporary injunction hearing for February 5, 2025. The order states, "It is further ORDERED that this TRO shall expire on February 5, 2025 at 5:00 p.m." The TRO further stated, "The Temporary Restraining Order shall expire 14 days from the day of issue, or upon further order of this Court, whichever comes earlier."

On February 5, 2025, the trial court signed an Agreed Order Extending Temporary Restraining Order and Ordering Mediation. The Order set a Temporary Injunction hearing for March 13, 2025, ordered the parties to mediate on March 13, 2025, by agreement of the parties expanded the TRO to order that failure of services tickets continue to be submitted and worked in accordance with the Parties' Master Services Agreement, and stated, "the TRO shall remain in full force and effect until the hearing on Plaintiff's Application for Temporary Injunction stated above."

On March 13, 2025, the court called the case for the temporary injunction hearing. Horizon's attorney stated, "There is hope that the case will settle, Judge. In

3

the meantime, obviously, we are still asking for the TI." The trial court asked the attorneys about their expectations regarding the scope of a temporary injunction. The trial court expressed its discomfort with giving Horizon "access forever" to be paid sometime when the lawsuit is over, and with allowing DataBank to merely complain that it had not been paid what it thought it was owed and deny access to Horizon to its documents. Horizon's attorney requested a few minutes for a quick conference. After a brief break the parties informed the trial court that they had reached a Rule 11 agreement "just to resolve the temporary injunction today." The parties stated the agreement on the record in open court and made no mention whatsoever of the TRO.

Thus, the trial court granted an ex parte TRO that would expire in 14 days, then granted an extension of the TRO for more than 14 days, with the consent of the party subject to the restraint, until the March 13, 2024, temporary injunction hearing. *See* Tex. R. Civ. P. 680 (A TRO "shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period."). On March 13, 2025, the parties neither extended the TRO by agreement nor asked the trial court to sign a temporary injunction order. Instead, they expressly entered into a Rule 11 agreement.

4

On May 19, 2025, Horizon filed a Supplemental Brief in Support of its "Application for Ex Parte Temporary Restraining Order and Temporary Injunction filed May 14, 2025." The trial court agreed to hold an evidentiary hearing on May 20, 2025 on Horizon's request for another Ex Parte Temporary Restraining Order, and attorneys for both parties appeared at the hearing.

In the May 20, 2025, hearing, the trial court stated:

> Y'all did an agreed order to extend the TRO to March 13th. You entered into a Rule 11 Agreement on March 13th. Your co-counsel says that that TI hearing was passed. It wasn't. It happened. But y'all reached an agreement. That's why there's a record of your agreement. So it wasn't passed. But on that day, you reached a new agreement. And the agreement was 60 days to move all of the data to a new server.

Horizon contends the trial court's statement "is not accurate. The TI hearing absolutely did not happen." Horizon fails to distinguish a hearing from a ruling. The trial court set a hearing on a temporary injunction and ordered mediation. The trial court called the hearing, the parties appeared and stated their positions regarding the proper parameters for a temporary injunction, then the parties had a brief negotiation outside the presence of the court and returned to announce their Rule 11 agreement. The Rule 11 agreement did not provide for an agreed extension of the TRO, which at that point was the only way the trial court could grant an extension of the TRO. *See* Tex. R. Civ. P. 680. What the parties passed was temporary injunction relief and the opportunity to present evidence in support of its application for a temporary

5

injunction. While the trial court has not ruled on the application for a temporary injunction, the parties did not agree to extend the TRO until the trial court signed an order granting or denying a temporary injunction. The Rule 11 agreement that the parties made was in lieu of proceeding further on a temporary injunction. There was no further extension of the TRO. Additionally, Horizon failed to show where in the course of the May 20, 2025, hearing Horizon argued that the January 25, 2025, TRO was in effect and could still be enforced. "Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding).

As to the ruling of the trial court on May 20, 2025, denying the request for a second TRO, Horizon argues the trial court abused its discretion by denying Horizon's request for a new TRO. Horizon argues the arbitrary nature of the denial of the TRO is demonstrated by the trial court's focus on Horizon's failure to prove irreparable harm as opposed to monetary harm, Horizon's failure to prove the harm it suggested might befall medical patients was not due to Horizon's conduct and its failure to negotiate for additional time, and Horizon's failure to show a likelihood of success. Horizon argues there has been "absolutely no change in the underlying cause of action" so it follows that the trial court could not reasonably rule that Horizon failed to show a probable right to recover on May 25, 2025. We disagree.

6

In the May 20, 2025, hearing, the trial court explained why the circumstances in the pending litigation had changed and why Horizon was not entitled to another TRO because it had failed to meet its burden. There was considerable evidence from which the trial court could have reasonably concluded that Horizon had failed to show it had a probable right to relief. Horizon provided no testimony or evidence from any patients or third-party providers and merely alleged there was a risk of alleged harm to Horizon's patients, while the affidavit, emails, and other evidence showed Horizon failed to comply with the deadlines in the Rule 11 Agreement and neither arranged to migrate its data off of DataBank's servers nor negotiated a price to continue services while the litigation continued.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). "A trial court's failure to analyze or apply the law correctly is an abuse of discretion." *In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023) (orig. proceeding) (internal quotation omitted).

7

After reviewing the mandamus petition and record, we conclude Horizon failed to establish that the trial court abused its discretion. Accordingly, we deny the motion for temporary relief, and we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on May 21, 2025
Opinion Delivered May 22, 2025

Before Golemon, C.J., Johnson and Wright, JJ.