

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-24-00016-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                  Irene Rios, Justice
                  Lori I. Valenzuela, Justice

Delivered and Filed: April 24, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The Texas Department of Family and Protective Services seeks mandamus review of two orders through which the trial court directs the daily tasks of Department employees, imposes specific contractual obligations on the Department, requires the Department to disclose protected information, and imposes sanctions on the Department. We conditionally grant mandamus relief.

## BACKGROUND

The Department is the permanent managing conservator of J.D., the seventeen-year-old child who is the subject of the underlying matter pending in the trial court. The Department has been J.D.'s permanent managing conservator since June 29, 2021, when the trial court terminated J.D.'s parents' parental rights. Since then, the trial court has held periodic permanency review

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D., a Child*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

hearings. *See* TEX. FAM. CODE ANN. § 263.501 (requiring the trial court to conduct permanency review hearings in cases in which the Department has been named the child's permanent managing conservator in a final order terminating a parent's parental rights "at least once every six months until the [D]epartment is no longer the child's managing conservator").[2]

On December 6, 2023, the trial court signed an order (the December Order) reflecting rulings made during a permanency hearing on December 1, 2023.[3]

> It is ordered that each day of school that [J.D.] must attend, one of the individuals in [J.D.'s] case team, including Cassandra Garza, Kassandra Salazar, Asenath McCabe, Julian Apolinar, and Leticia Lozano be present to transport [J.D.] to school.
>
> A one hundred dollar ($100) fine will be ordered for each day of school that [J.D.] misses without a showing that the inability to take [J.D.] to school was unavoidable.

On January 9, 2024, the trial court signed an order (the January Order) reflecting rulings made during a placement and permanency hearing on January 4, 2024.

> 2.1. Beginning January 5, 2024 the Department will have a placement staffing from 4:00 p.m. until 5:00 p.m. All attorneys of record shall be invited to participate. The staffings are to continue daily, seven days a week, until the child is in a licensed placement.

---

[2] In five prior opinions, this court has conditionally granted mandamus relief and directed the trial court to vacate various orders arising from the same trial court cause number. *See In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00865-CV, 2024 WL 1289597 (Tex. App.—San Antonio Mar. 27, 2024, orig. proceeding) (orders requiring the Department to provide round-the-clock supervision of child); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.) (orders to secure two nannies, a therapist, a private tutor, and a placement for J.D.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00087-CV, 2022 WL 3219596 (Tex. App.—San Antonio Aug. 10, 2022, orig. proceeding) (mem. op.) (orders requiring Department to draft child specific contracts and circulate them to child placing agencies); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00163-CV, 2022 WL 2821251 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) (mem. op.) (orders requiring the Department to secure and pay for a court reporter for depositions of Department personnel); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00196-CV, 2022 WL 2442169 (Tex. App.—San Antonio July 6, 2022, orig. proceeding) (mem. op.) (orders directing Department caseworker assignments and discipline of Department personnel).

[3] While the trial court refers to the December 1, 2023 hearing as a "permanency and placement hearing," placement hearings are intended to review the appointment of the Department as a conservator, not to review the Department's efforts to find a placement for a child. *See In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) ("When the Department has been named a child's managing conservator, the court 'shall hold a hearing to review the conservatorship appointment' at least once every six months until the child becomes an adult' . . . [to] continuously review the propriety of the Department's conservatorship . . . ." (quoting TEX. FAM. CODE ANN. § 263.002)).

2.3. On or before January 8, 2024 at 8:00 a.m. The Department is to provide the home and business addresses for the following employees: Aseneth McCabe; Natasha Bussey; Ana Garcia; Janissa Harris; Julian Apolinar; and Stephanie Mack. This information is to be provided to all attorneys of record on this case as well as general counsel for this court.

2.4. If the attorneys of record [d]o not receive the addresses as ordered in 2.3., they are authorized to hire private investigators to [sic] the information. The Court's expectation is that enforcement will be served on those who need to be served and sent with 10 day[s'] notice so a hearing for enforcement will be heard in this court.

2.5. The Department will set up a savings account for the child by January 10, 2024 at 5:00 p.m. The attorneys representing the child will verify the account is set up. Beginning January 11, 2024, the Department will deposit $500.00 (Five Hundred Dollars) into the child's savings account every 24 hours that the child is not in [a] licensed placement.

2.6. The next time the child leaves care, he will be transported to and housed in Odessa, Texas within 24 hours of his disappearance.

On January 9, 2024, the Department filed a petition for a writ of mandamus and a motion for temporary relief. In its mandamus petition, the Department argued that the above-quoted paragraphs should be vacated because they violate Texas law and the Separation of Powers Clause of the Texas Constitution.

On January 16, 2024, we issued an order requesting a response, granting the Department's motion for temporary relief in part, and staying these challenged provisions pending consideration of the mandamus petition.

## STANDARD OF REVIEW AND APPLICABLE LAW

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' [or if it clearly fails] to analyze or apply the law correctly . . . ." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 2006) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.

1985), *disapproved of on other grounds by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009)).

"Mandamus is [also] proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). "If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding). When the trial court's order is void, "the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

DEPARTMENT'S ARGUMENTS

**A.      Disclosing Protected Information**

In its mandamus petition, the Department argues the trial court abused its discretion when it ordered the Department to disclose the home addresses of Department employees without first determining whether such information was protected from disclosure.

**B.      Unauthorized Provisions**

The Department also argues the trial court lacked the authority to direct the daily tasks of Department employees, order J.D.'s placement in a specific geographic location, and impose sanctions for Department actions authorized by law or actions for which the Legislature chose not to impose penalties. The Department contends that the Legislature granted the Department, not the trial court, the authority to direct Department operations and to determine which services to provide to the children in its care in accordance with the law and the budget appropriated by the Legislature. According to the Department, the challenged provisions violate the Separation of Powers Clause of the Texas Constitution.

**C.      Department's Previous Arguments**

These arguments echo the arguments the Department has made in a series of mandamus proceedings complaining that the same trial court violated the Separation of Powers Clause by ordering the Department to expend funds in a particular manner. *See, e.g.*, *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 248, 257 (Tex. App.—San Antonio 2022, orig. proceeding) (holding orders requiring the Department to secure ankle monitoring for a child with a specific company and to pay associated costs violated the Separation of Powers Clause and were void); *In re Tex. Dep't Fam. & Protective Servs.*, 660 S.W.3d 161, 171 (Tex. App.—San Antonio 2022, orig. proceeding) (recognizing that "the Legislature delegated the power to negotiate and execute child-specific contracts to the Department").

**TRIAL COURT'S AUTHORITY**

**A.      Separation of Powers**

"The Separation of Powers Clause is violated (1) when one branch of government assumes power more properly attached to another branch or (2) when one branch unduly interferes with another branch so that the other cannot effectively exercise its constitutionally assigned powers." *In re D.W.*, 249 S.W.3d 625, 635 (Tex. App.—Fort Worth 2008, pet. denied). "Where one branch of government assumes powers more properly attached to another branch or unduly interferes with the powers of another, any resulting order is void." *In re Tex. Dep't of Family and Protective Servs.*, 660 S.W.3d at 168.

**B.      Permanency Hearing Assessments**

The orders challenged in this mandamus proceeding were rendered at permanency hearings following a final order.[4] *See* TEX. FAM. CODE ANN. §§ 263.002, .501; *In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) ("When the Department has been named a child's managing conservator, the court 'shall hold a hearing to review the conservatorship appointment' at least once every six months until the child becomes an adult' . . . [to] continuously review the propriety of the Department's conservatorship . . . ." (quoting TEX. FAM. CODE ANN. §§ 263.002, .501)). At such hearings, the trial court shall "review the permanency progress report" filed by the Department. *See* TEX. FAM. CODE ANN. § 263.5031(a)(4); *In re Tex. Dep't of Fam. & Protective Servs.*, 679 S.W.3d 266, 276 (Tex. App.—San Antonio 2023, orig. proceeding). "The inclusion of 'review' within the text of section 263.5031(a)(4) allows the court to inspect, consider, or reexamine the Department's permanency progress report." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171.

As we have previously explained, at a permanency review hearing "a trial court may assess the safety and well-being of the child and whether the child's needs are being adequately addressed." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 257. "But that charge presupposes the trial court will faithfully follow the applicable laws." *In re Tex. Dep't of Fam. & Protective Servs.*, 679 S.W.3d at 276 (citing TEX. CONST. art. XVI, § 1 (oath of office); TEX. CODE JUD. CONDUCT, CANONS 2(A), 3(B), 3(B)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. C; *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 555 (Tex. 2006) (emphasizing that "judges are advocates only for the law")).

---

[4] While the trial court refers to the December 1, 2023 hearing as a "permanency and placement hearing," placement considerations are included in the trial court's review during the permanency hearing.  *See* TEX. FAM. CODE ANN. § 263.5031(a)(4).

## C.        Limits on Trial Court's Authority

We have also repeatedly explained that "the [L]egislature gave the Department the authority to determine which goods and services to provide the children in its care and how much to pay for those goods and services." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 257 (citing TEX. GOV'T CODE ANN. § 2155.144(c), (d)). We have held that when the trial court orders the Department to enter into specific contracts to provide specific services to the children in the Department's care, it violates the Separation of Powers Clause of the Texas Constitution. *See, e.g.*, *In re Tex. Dep't of Fam. & Protective Servs*., No. 04-23-00382-CV, 2023 WL 5418313, at *6–7 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.).

Thus, "[w]hile the trial court has continuing jurisdiction over the case and the parties and has the statutory authority to review the actions taken by the Department on behalf of a child under its care, the court may not usurp legislative authority by substituting its policy judgment for that of the Department." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171 (cleaned up).

Our numerous mandamus decisions in similar cases have explained the limits of the trial court's authority and made clear that "[the trial court] does not have the power to order the Department to provide specific goods and specific services to specific children at specific rates." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 257.

### ASSIGNING, MANAGING DEPARTMENT PERSONNEL

We first address the portions of the December Order and the January Order that putatively assign and manage specific Department personnel.

## A.        Challenged Provisions

The December Order includes this provision:

It is ordered that each day of school that [J.D.] must attend, one of the individuals in [J.D.'s] case team, including Cassandra Garza, Kassandra Salazar, Asenath

McCabe, Julian Apolinar, and Leticia Lozano be present to transport [J.D.] to school.

The January Order includes this provision:

2.1. Beginning January 5, 2024 the Department will have a placement staffing from 4:00 p.m. until 5:00 p.m. All attorneys of record shall be invited to participate. The staffings are to continue daily, seven days a week, until the child is in a licensed placement.

## B. Assigning, Managing Department Personnel Prohibited

Our analysis is guided by cases in which similar orders, rendered by the same trial court, were held to violate the Separation of Powers Clause. In one, we explained that the trial court has no authority to direct Department personnel requirements or assignments.

> We find no authority in the Family Code authorizing a trial court to impose specific personnel requirements on the Department following its review of a permanency progress report. Similarly, we are not aware of any authority that would permit a trial court to substitute its judgment for the Department's in determining an individual caseworker's caseload. . . . We do not question that trial courts have the power to decide and monitor issues before them, especially when the best interest of a child is at stake. However, this power does not extend to the assignment and management of Department employees.

*In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00196-CV, 2022 WL 2442169, at *5 (Tex. App.—San Antonio July 6, 2022, orig. proceeding) (mem. op.). Applying these same principles, we conclude that the trial court had no authority to require Department employees to transport J.D. to school each day or to participate in a daily placement staffing meeting. *See In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00865-CV, 2024 WL 1289597 (Tex. App.—San Antonio Mar. 27, 2024, orig. proceeding) (orders requiring the Department to provide round-the-clock supervision of child violate the Separation of Powers Clause and are void); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 175, 178 (Tex. App.—San Antonio 2022, orig. proceeding) (holding trial court lacked authority to require Department employees to remain in the jury room during work hours until a placement for a child was found).

## C.     Challenged Provisions are Void

Accordingly, the first challenged paragraph in the December Order and paragraph 2.1 of the January Order are void.

### PROVIDING SPECIFIC SERVICES

Next, we address the provision that orders the Department to provide specific services.

## A.     Challenged Provision

The January Order includes this provision:

2.6. The next time the child leaves care, he will be transported to and housed in Odessa, Texas within 24 hours of his disappearance.

## B.     Ordering Specific Services Prohibited

We have repeatedly held that a trial court has no authority to "impose specific contractual obligations on the Department following the court's review of the permanency progress report [because] the Legislature delegated the power to negotiate and execute child-specific contracts to the Department." *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171; *see In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 257 (citing TEX. GOV'T CODE ANN. § 2155.144(c), (d)) ("[T]he [L]egislature gave the Department the authority to determine which goods and services to provide the children in its care and how much to pay for those goods and services.").

Moreover, because "[e]xceptions to the constitutionally mandated separation of powers are never to be implied in the least," *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 570 (Tex. 2013), we do not recognize that a trial court has inherent or implied powers to specify child-specific services, including any specification or limitations on geographic locations where such services are to be secured. *See In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d at 171 ("[T]he court 'may not usurp legislative authority by substituting its policy judgment for that of

the [Department] acting as a legislative body.'" (quoting *Henry v. Cox*, 520 S.W.3d 28, 37 (Tex. 2017) (second alteration in original))).

## C.      Specific Services Provision is Void

Paragraph 2.6 of the January Order impermissibly infringes on the Department's exclusive power to negotiate and execute child-specific contracts, thereby usurping Legislative authority. Accordingly, paragraph 2.6 of the January Order is void.

### SANCTIONS

Next we address the provisions that order specific economic consequences.

## A.      Challenged Provisions

The December Order includes this provision:

A one hundred dollar ($100) fine will be ordered for each day of school that [J.D.] misses without a showing that the inability to take [J.D.] to school was unavoidable.

The January Order includes this provision:

2.5. The Department will set up a savings account for the child by January 10, 2024 at 5:00 p.m. The attorneys representing the child will verify the account is set up. Beginning January 11, 2024, the Department will deposit $500.00 (Five Hundred Dollars) into the child's savings account every 24 hours that the child is not in [a] licensed placement.

## B.      Sanctions Authority

No litigant claims, and the record does not reflect, that the trial court ordered these economic consequences based on a rule or statute authorizing sanctions. Accordingly, the only basis to order these consequences would be the trial court's inherent authority to sanction.

"Recently, the Texas Supreme Court reaffirmed that 'sanctions issued pursuant to a court's inherent powers are permissible . . . to deter, alleviate, and counteract *bad-faith abuse of the judicial process*.'" *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00014-CV, 2022 WL 2960224, at *7 (Tex. App.—San Antonio July 27, 2022, orig. proceeding) (mem. op.) (emphasis

added) (quoting *Brewer v. Lennox Hearth Prods., L.L.C.*, 601 S.W.3d 704, 708 (Tex. 2020)).

However, the inherent authority to sanction "is not boundless" and "is limited by due process."

*Brewer*, 601 S.W.3d at 718. Accordingly, "invocation of the court's inherent power to sanction

necessitates a finding of bad faith." *Id*. "Bad faith is not just intentional conduct but intent to

engage in conduct for an impermissible reason, willful noncompliance, or willful ignorance of the

facts." *Id*. at 718–19. "Bad faith includes conscious doing of a wrong for a dishonest,

discriminatory, or malicious purpose." *Id*. at 719 (cleaned up).

## C.      Sanctions Provisions are Void

Here, neither sanction provision is based on such a finding. The December Order sanction

is invoked "for each day of school that [J.D.] misses without a showing that the inability to take

[J.D.] to school was *unavoidable*." (emphasis added). The January Order sanction, invoked every

24 hours that the child is not in a licensed placement, is based on the court's finding that the lack

of a licensed placement is a result of the Department's *neglect*:

> If the Department's continued neglect to find licensed placement for this child is
> going to leave him homeless on his 18th birthday, the child should at least have a
> savings account funded by the Department, given its neglect.

But findings that inaction was "avoidable" or resulted from "neglect" do not demonstrate bad faith.

*See Brewer*, 601 S.W.3d at 719 ("Errors in judgment, *lack of diligence, unreasonableness,*

*negligence, or even gross negligence*—without more—do not equate to bad faith." (emphasis

added)).

Further, these provisions are not authorized under the court's inherent power to sanction

because they purport to address the Department's performance as a managing conservator rather

than any "bad-faith abuse of the judicial process." *See id*. at 708.

Accordingly, the sanctions provisions in the December Order and in paragraph 2.5 of the

January Order are void.

## DISCLOSURE OF HOME ADDRESSES

Next, we address the provision that orders the Department to disclose the home addresses of some of its employees.

### A. Challenged Provision

The January Order includes this provision:

2.3. On or before January 8, 2024 at 8:00 a.m. The Department is to provide the home and business addresses for the following employees: Aseneth McCabe; Natasha Bussey; Ana Garcia; Janissa Harris; Julian Apolinar; and Stephanie Mack. This information is to be provided to all attorneys of record on this case as well as general counsel for this court.

The Department asserts that the trial court abused its discretion by ordering the Department to disclose this information without inquiring whether such information is prohibited from disclosure under the Texas Public Information Act (the TPIA).[5]

### B. Public Information Exceptions

"[U]nder section 552.221 of the Texas Government Code, a 'governmental body' must promptly produce 'public information' on request unless an exemption from disclosure applies and is timely asserted." *Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 57 (Tex. 2015). But "the [TPIA] itself provides numerous other exceptions to its disclosure requirement, which include, among other things, certain personnel records." *Id*. at 69 (Boyd, J., dissenting) (citing seven TPIA subsections that create exceptions).

---

[5] While the Department failed to assert in the trial court that the TPIA prohibited the Department from disclosing its employees' home addresses, the argument is not waived because the prospective release of information involves the employees' right to privacy—which the Department cannot waive. *See Tex. Comptroller of Pub. Accts. v. Att'y Gen. of Tex.*, 354 S.W.3d 336, 340 (Tex. 2010) ("[A]lthough a governmental body waives any exception to disclosure it fails to raise before the attorney general, that rule is inapplicable when the exception involves the property or privacy interests of another person." (cleaned up)); *Sherman v. U.S. Dep't of Army*, 244 F.3d 357, 364 (5th Cir. 2001) ("[C]ircuit courts that have found that an agency waived its right to an exemption [under the FOIA] have done so only where the government's own interests in confidentiality, as opposed to the privacy interest of an individual, were at stake.").

For example, section 552.024(a) prohibits disclosure of a state employee's home address if that employee has selected to restrict public access to that information,[6] and section 552.117(a)(16) prohibits disclosing the home address of a person that is or was a caseworker or investigator for the Department.[7] Here, the record does not show whether the Department employees at issue qualify for protection under either provision. But, if their home addresses are protected under either of these provisions, the Department is prohibited from disclosing them.

> Section 552.101's language of "confidential by law, either constitutional, statutory, or by judicial decision" refers to information that a governmental body may not choose to release, and the improper disclosure of which results in criminal penalties under the Act. Thus, when section 552.101 applies, the Act prohibits the governmental body from disclosing the information.

Tex. Att'y Gen. ORD2002-676 (footnotes omitted).

Additionally, if disclosure of protected information violates a statute, an order compelling that disclosure also violates the statute.[8]

## C. Disclosure Provision is an Abuse of Discretion

Because the trial court can only order the disclosure of non-protected information, it has no discretion to order the Department to disclose the home addresses of the Department's employees without first determining whether those addresses are exempt from disclosure ("Protected Addresses").

---

[6] *See* TEX. GOV'T CODE ANN. § 552.024(a) ("[E]ach employee or official of a governmental body and each former employee or official of a governmental body shall choose whether to allow public access to the information in the custody of the governmental body that relates to the person's home address, home telephone number, emergency contact information, or social security number, or that reveals whether the person has family members.").

[7] *See* TEX. GOV'T CODE ANN. § 552.117(a)(16) ("Information is excepted from the requirements of Section 552.021 if it is information that relates to the home address [of] a current or former child protective services caseworker, adult protective services caseworker, or investigator for the Department of Family and Protective Services . . . .").

[8] In a non-TPIA case, the Dallas Court of Appeals has held that an order violated Texas Family Code section 231.108(e) when it commanded disclosure of information protected under that provision. *See In re Off. of Att'y Gen.*, No. 05-19-00722-CV, 2019 WL 6606370, at *3 (Tex. App.—Dallas Dec. 5, 2019, orig. proceeding) (mem. op.) (holding that "the trial court's order requiring the OAG to provide the confidential information to Father violates the statute" and "the trial court abused its discretion by ordering the OAG to disclose that which it is not authorized to disclose").

While the Department also asserts that the TPIA fails to provide "any avenue which would allow a trial court to determine what information is public and what must be released," the trial court is authorized to determine if the information at issue is protected from disclosure under the TPIA. *See, e.g.*, *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 118 (Tex. 2011) (remanding to trial court for determination of whether information is confidential under the TPIA); *Indus. Found. of the S. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 686 (Tex. 1976) (same).

Because the trial court failed to first determine whether the Department's employees' home addresses were protected information, including paragraph 2.3 in its January Order was an abuse of discretion.

### AUTHORIZING PRIVATE INVESTIGATORS

Finally, we address the provision pertaining to authorizing private investigators to obtain the Department's employees' home addresses so the employees may be served with process.

**A.     Challenged Provision**

The January Order includes the following provision:

> 2.4. If the attorneys of record [d]o not receive the addresses as ordered in 2.3., they are authorized to hire private investigators to [sic] the information. The Court's expectation is that enforcement will be served on those who need to be served and sent with 10 day[s'] notice so a hearing for enforcement will be heard in this court.

**B.     Indirect Disclosure of Protected Information**

Because the proof of service would be publicly filed in the underlying case, if any of the home addresses at issue are protected from disclosure by the TPIA, this provision could lead to the disclosure of protected information. *See* TEX. GOV'T CODE ANN. §§ 552.017(a)(16), .024(a); Tex. Att'y Gen. ORD2002-676.

Further, if any of the employees' home addresses are protected under the TPIA, obtaining those addresses using private investigators does not change the protected status of the addresses.

> But whether information is nonpublic is determined by the terms of the statute. . . . That a private third-party knows some information does not change whether the information is nonpublic under the statute.

*Villarreal v. City of Laredo, Tex.*, 94 F.4th 374, 388–89 (5th Cir. 2024).

## C.   Disclosure Provision is an Abuse of Discretion

Accordingly, as with paragraph 2.3 of the January Order, it was an abuse of discretion for the trial court to include a provision in its order that could lead to the public disclosure of the Department's employees' home addresses without first determining if any of those addresses are protected from disclosure. *See* TEX. GOV'T CODE ANN. §§ 552.017(a)(16), .024(a); Tex. Att'y Gen. ORD2002-676.

### CONCLUSION

Our prior opinions and orders should have eliminated any confusion or question that Respondent, Judge Mary Lou Alvarez, could have had regarding the limits of her authority to order the Department to take certain actions—especially given that in sixteen of those decisions we held that portions of Respondent's orders exceeded her authority and were void.[9] In each decision we

---

[9] *See generally In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00865-CV, 2024 WL 1289597 (Tex. App.—San Antonio Mar. 27, 2024, orig. proceeding); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-23-00382-CV, 2023 WL 5418313 (Tex. App.—San Antonio Aug. 23, 2023, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00341-CV, 2022 WL 6815172 (Tex. App.—San Antonio Oct. 12, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 248 (Tex. App.—San Antonio 2022, orig. proceeding) (Sep. 14, 2022); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00166-CV, 2022 WL 3372425 (Tex. App.—San Antonio Aug. 17, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00094-CV, 2022 WL 3219924 (Tex. App.—San Antonio Aug. 10, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00087-CV, 2022 WL 3219596 (Tex. App.—San Antonio Aug. 10, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 175 (Tex. App.—San Antonio 2022, orig. proceeding) (Aug. 3, 2022); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00163-CV, 2022 WL 2821251 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00085-CV, 2022 WL 2820937 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00196-CV, 2022 WL 2442169 (Tex. App.—San Antonio July 6, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00091-CV, 2022 WL 2230720 (Tex. App.—San Antonio June 22, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00092-CV, 2022 WL 2230719 (Tex. App.—San Antonio June 22, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00096-CV, 2022 WL 2135572 (Tex. App.—San Antonio June 15, 2022, orig. proceeding) (mem. op.); *In re*

explained in substantial detail how portions of her order exceeded her authority—especially with respect to the Separation of Powers Clause.

Undeterred, Respondent has continued "to use the powers of [her] judicial office to accomplish a purpose which [she] knew or should have known was beyond the legitimate exercise of [her] authority." *See In re Ginsberg*, 630 S.W.3d 1, 8 (Tex. Spec. Ct. Rev. 2018). Such actions arguably amount to a "willful or persistent conduct that is clearly inconsistent with the proper performance of [her] duties." TEX. CONST. art. V, § 1–a(6)(A).

And, once again, in *this* original proceeding, we conclude that the trial court lacked any authority to include the two challenged provisions in its December Order, and those provisions are void.

We also conclude that the trial court lacked authority to include paragraphs 2.1, 2.5, or 2.6 in its January Order. Because these provisions were included without any authority—constitutional, statutory, inherent, or otherwise—they are void.

Finally, because paragraph 2.3 of the January Order orders the disclosure of protected information and paragraph 2.4 of the January Order could result in the disclosure of protected information, including these provisions was an abuse of discretion.

We conditionally grant the petition for writ of mandamus. We lift our January 14, 2024 stay of the challenged provisions so that the trial court may vacate them. We direct the trial court to, no later than ten days from the date of this opinion, vacate the two challenged provisions in its December Order and paragraphs 2.1, 2.3, 2.4, 2.5, and 2.6 from its January Order. We temporarily

---

*Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00165-CV, 2022 WL 2135534 (Tex. App.—San Antonio June 15, 2022, orig. proceeding) (mem. op.); *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 161 (Tex. App.—San Antonio 2022, orig. proceeding) (June 1, 2022); *In re Tex. Dep't of Fam. & Protective Servs.*, No. 04-22-00226-CV, 2022 WL 1751013 (Tex. App.—San Antonio June 1, 2022, orig. proceeding). Each of these opinions were issued prior to the orders complained of in this original proceeding, and five of these decisions involved the same underlying case. *See supra*, note 2.

lift our stay dated April 11, 2024, issued in the related original proceeding No. 04-24-00219-CV, for the sole purpose of allowing the trial court to vacate these provisions. The trial court is not authorized to take any other action in the underlying matter. The writ of mandamus will issue only if the trial court fails to comply within ten days of the date of this opinion and order.

Patricia O. Alvarez, Justice