**Conditionally Granted and Opinion Filed November 27, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00990-CV

## IN RE TURTLE CREEK NORTH CONDOMINIUM ASSOCIATION AND WORTH ROSS MANAGEMENT COMPANY, INC., Relators

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-13610**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Real party in interest Gavin Smith sued relators Turtle Creek North Condominium Association and Worth Ross Management Company, Inc. Relators have filed a petition for writ of mandamus challenging the respondent trial judge's order denying relators' motion to designate responsible third parties. We conditionally grant the writ.

## I.  BACKGROUND

In September 2022, Smith sued relators, alleging that they were responsible for damage caused by water penetration into Smith's condominium unit in Turtle Creek North Condominiums in Dallas, Texas.

In March 2023, the trial judge signed a scheduling order that set the case for trial on June 11, 2024.

In February 2024, Smith filed his third amended petition, which is his live pleading for purposes of this original proceeding. He alleges that relator Turtle Creek hired relator Worth Ross to fulfill Turtle Creek's managerial and maintenance responsibilities under the condominium's declaration and bylaws. Smith asserts claims for breach of contract, negligence, violations of the Texas Deceptive Trade Practices Act, and breach of fiduciary duty.

On April 11, 2024, relators filed a motion to designate responsible third parties (RTPs). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (setting forth the details of responsible-third-party practice). The proposed RTPs were sixteen other condominium residents whose units adjoined Smith's unit and three contractors.

On April 26, 2024, Smith filed an objection to relators' RTP motion.

On May 24, 2024, relators filed an amended RTP motion that was substantially the same as their original RTP motion except that the amended motion dropped one of the adjacent-unit owners from the list of proposed RTPs.

On May 29, 2024, the trial judge heard relators' RTP motion and orally denied it. He signed an order to that effect on June 10, 2024. The order gave no reasons for the ruling.

On August 21, 2024, relators filed a petition for writ of mandamus challenging the denial of their RTP motion. They also filed an unopposed motion for emergency stay of the trial, which had been reset for September 17, 2024. We granted the stay. Smith filed a response to relators' mandamus petition, and relators filed a reply brief in support of their petition.

On October 17, 2024, Smith filed a motion for emergency relief, advising us that the trial judge had dismissed Smith's suit for want of prosecution on September 17. We lifted the stay for the limited purpose of allowing Smith to seek reinstatement of the case. The trial court's online docket sheet reveals that Smith filed a motion to reinstate the case on October 17, 2024, and the trial judge granted the motion on October 21, 2024. *See Venkatraman v. Skinner*, No. 05-22-00298-CV, 2023 WL 5012105, at *2 n.3 (Tex. App.—Dallas Aug. 7, 2023, no pet.) (mem. op.) (taking judicial notice of document available online at Dallas County Clerk's website).

## II. ISSUES PRESENTED

Relators assert three issues in their mandamus petition:

1. Did the trial judge abuse his discretion by denying relators' motion to designate responsible third parties?

2. Did the trial judge abuse his discretion by denying relators' motion without granting relators leave to re-plead to address particular deficiencies?

3.    Do relators lack an adequate remedy at law?

### III.    STANDARD OF REVIEW

To obtain mandamus relief, a relator must show that (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding).

An abuse of discretion occurs when (1) the trial judge fails to analyze or apply the law correctly or (2) with regard to factual matters or matters committed to his or her discretion, the trial judge could reasonably reach only one decision and fails to do so. *VSDH Vaquero Venture, Ltd. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.).

### IV.    ANALYSIS

**A.    Issues One and Two: Did the trial judge abuse his discretion by denying relators' motion to designate RTPs?**

**1.    Additional Background Facts**

Before addressing relators' first two issues, we summarize Smith's trial-court arguments against relators' motion to designate RTPs. In his written objection to relators' motion, Smith argued that the motion should be denied because relators had not produced in discovery any evidence to support the RTPs' inclusion in the suit. Smith further argued that no such evidence existed and that the designation of the RTPs should be struck for lack of evidence under § 33.004(*l*) of the Civil Practice and Remedies Code. In the conclusion of his objection, Smith argued that relators

–4–

had "failed to identify a single instance" of an act or omission by any proposed RTP that caused or contributed to causing Smith's damages.

At the hearing, the trial judge raised questions about whether relators' motion was timely and stated, "I don't find the motion to be timely; I'm denying it." But the trial judge's written order denying relators' motion gives no reasons for the ruling.

### 2. Applicable Law

Tort and DTPA claims are generally governed by Chapter 33 of the Civil Practice and Remedies Code, which is entitled "Proportionate Responsibility." *See* CIV. PRAC. & REM. § 33.002. Under Chapter 33, and with one exception not relevant in this case, an RTP is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." *Id*. § 33.011(6). In a Chapter 33 case, RTPs can be submitted to the factfinder along with claimants, defendants, and settling persons for apportionment of the responsibility for each claimant's harm. *See id*. § 33.003. Thus, submission of one or more RTPs to the factfinder can reduce a defendant's share of the responsibility and the defendant's liability to a claimant. *See id*. § 33.013.

Section 33.004 sets forth a procedure for the designation of RTPs. A defendant initiates the procedure by filing a motion for leave to designate an RTP. *Id*. § 33.004(a). The defendant must file the motion at least 60 days before the trial date unless the court finds good cause for a later filing. *Id*. Additionally, a defendant may not designate a person as an RTP after the applicable limitations period has run on

the claimant's cause of action against the RTP unless the defendant complied with its discovery obligations, if any, to timely disclose that the person might be designated as an RTP. *Id*. § 33.004(d).

The trial judge shall grant leave to designate the RTP unless another party files an objection to the motion for leave within 15 days after the motion was served. *Id*. § 33.004(f). If an objection is timely filed, the trial judge shall still grant the motion unless the objecting party establishes (1) that the defendant did not plead sufficient facts regarding the RTP's responsibility to satisfy the general pleading standards of the civil rules and (2) that after being given leave to replead the defendant still failed to plead sufficient facts regarding the RTP's responsibility. *Id*. § 33.004(g). An order granting leave to designate an RTP effectuates the designation without further action by the trial judge or any party. *Id*. § 33.004(h).

After an adequate time for discovery has passed, a party may move to strike an RTP designation on the ground that there is no evidence that the RTP is responsible for any portion of the claimant's alleged injury or damage. *Id*. § 33.004(*l*). Moreover, at trial, § 33.003 does not allow any person's conduct to be submitted to the jury without sufficient evidence to support the submission. *Id*. § 33.003(b).

### 3. Timeliness of the Motion and the Hearing

We first consider whether the trial judge could reasonably deny relators' motion for leave to designate RTPs because the motion or the hearing was untimely. We conclude that he could not.

#### a. The 60-Day Filing Deadline

Relators filed their original motion for leave to designate RTPs on April 11, 2024, which was 61 days before the original trial setting of June 11, 2024. Thus, the motion was timely under the 60-day rule imposed by § 33.004(a).

Relators also filed an amended motion for leave on May 24, 2024, which was less than 60 days before the original trial setting. The amended motion changed the original motion by requesting less relief than the original motion did—that is, relators dropped one of the proposed RTPs that had been listed in the original motion. Under these circumstances, we agree that relators did not create a timeliness problem by filing their amended motion less than 60 days before the original trial setting. *See Gespa Nicar., S.A. v. Recom AG*, No. 08-22-00244-CV, 2024 WL 4455677, at *20–21 (Tex. App.—El Paso Oct. 9, 2024, no pet. h.) (holding that there was no timeliness problem where party filed both a timely motion to designate an RTP and an untimely motion seeking to "confirm" designation of the same RTP).

Smith does not dispute that relators' original motion for leave to designate RTPs complied with the 60-day deadline of § 33.004(a), but he posits other reasons

that the trial judge could reasonably have concluded that the motion was untimely. For the following reasons, we are unpersuaded.

Smith acknowledges that relators identified all of their proposed RTPs (and several other potential RTPs) when relators made their initial disclosures in December 2022—less than three months after Smith filed suit. Smith complains, however, that relators then waited 16 months before finally moving for leave to designate the RTPs in April 2024. According to Smith, relators' tactic created two problems for Smith: (1) Smith's statute of limitations to sue the RTPs arguably ran around the end of 2023, and (2) Smith's deadline to join new parties under the scheduling order also expired some five months before relators filed their motion for leave.

Smith's argument is legally untenable. Section 33.004 expressly addresses the possibility that a defendant might attempt to designate an RTP after limitations has run on the plaintiff's potential claim against that RTP, and it does so by providing that such a designation is not permitted if the defendant failed to comply with a duty to timely disclose the person or entity as a potential RTP under the rules of discovery. CIV. PRAC. & REM. § 33.004(d). Thus, if the defendant makes a timely disclosure of potential RTPs, the plaintiff is placed on notice that the statute of limitations cannot be used to prevent the designation of the potential RTPs later in the litigation. And it is up to the plaintiff to exercise due diligence and decide whether to sue those potential RTPs before limitations runs, knowing that the defendant might seek to

designate those potential RTPs anytime up to 60 days before the trial date. *See id.* § 33.004(a) (establishing 60-day deadline); *In re Bertrand*, 602 S.W.3d 691, 702 (Tex. App.—Fort Worth 2020, orig. proceeding) ("[T]he objective of Section 33.004(d) is to prevent defendants from surreptitiously delaying *disclosure* of responsible third parties until after limitations has expired . . . to deprive plaintiffs of an opportunity to make a timely claim against them." (emphasis added)). The mandamus record shows that relators disclosed the potential RTPs less than three months after Smith filed suit. Smith did not contend below and does not contend now that relators' disclosures were untimely. Thus, we conclude that § 33.004(d) did not authorize the trial judge to deny relators' motion for leave to designate RTPs.

Smith relies on *Withers v. Schneider National Carriers, Inc.*, 13 F. Supp. 3d 686 (E.D. Tex. 2014), for support, but that case is distinguishable. In *Withers*, the plaintiffs sued Schneider on vehicular-accident claims well within the statute of limitations. *Id.* at 687. Then, after limitations had run, Schneider filed a motion for leave to designate an RTP that Schneider had never identified in discovery or otherwise. *Id.* at 687, 690. Making allowances for the differences between the federal rules and Texas's discovery rules, the district judge ruled that Schneider's delay justified denying its RTP motion. *Id.* at 690–91. In the instant case, by contrast, there is no contention that relators failed to comply with their discovery obligations so as to justify denying their motion under § 33.004(d). *Withers* is inapposite.

Smith also complains that relators have committed discovery abuse that makes their motion "unquestionably untimely." According to Smith, relators have failed to produce in discovery any evidence to substantiate their contention that the proposed RTPs contributed to Smith's harm. But he cites no authority that this fact, even if true, is relevant to the timeliness of relators' motion for leave to designate RTPs. Aside from the disclosure requirement in § 33.004(d), which we have already discussed, we see nothing in the statute that makes discovery misconduct relevant to the timeliness of a motion for leave. Smith asks us to create an additional legal basis for trial courts to deny motions for leave to designate RTPs. We cannot grant Smith's request. *See In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (per curiam) (noting that courts may not judicially amend statutes).

### b.     The Timing of the Hearing

At the hearing, the trial judge expressed dissatisfaction with the fact that several weeks passed between the April 11 filing of relators' motion for leave to designate and the May 29 hearing. But, as relators point out, the RTP statute does not prescribe any deadline for the hearing of a motion for leave to designate. Nor does § 33.004 confer any discretion on a trial judge to deny a motion for leave based on such a delay. Moreover, at the hearing relators' counsel represented without contradiction that relators could not obtain a hearing date from the court without first conferring with opposing counsel—a conference that was not required by the relevant local rules of court. *See* DALLAS (TEX.) CIV. DIST. CT. LOC. R. 2.07(d)

–10–

(stating that conference requirement does not apply to "motions to designate responsible third parties"). We conclude that on the facts of this case, in which relators secured a hearing date that was 13 days before the original trial setting, the timing of the hearing did not afford the trial judge discretion to deny the motion.

### 4. The Sufficiency of Relators' Allegations Against the RTPs

Next, relators argue that the trial judge could not properly deny relators' motion for leave based on § 33.004(g), which provides that a judge shall grant a motion for leave unless an objecting party establishes (1) the movant did not plead enough facts about the proposed RTP's responsibility to satisfy the pleading requirement of the Texas Rules of Civil Procedure and (2) after being granted leave to replead, the movant still did not plead enough facts against the proposed RTP to satisfy the rules. CIV. PRAC. & REM. § 33.004(g). This provision incorporates the fair-notice pleading standard of Rule 47. *In re YRC Inc.*, 646 S.W.3d 805, 809 (Tex. 2022) (orig. proceeding) (per curiam). That standard is met if a party can ascertain from the pleading the nature of the controversy, the issues it raises, and the type of evidence that might be relevant to it. *Id*. at 809–10.

Relators argue that Smith established neither element of § 33.004(g) because (1) relators pleaded sufficient facts against the proposed RTPs and (2) the trial judge did not give relators a chance to replead. Smith does not attempt to rebut this argument in his mandamus response.

–11–

We conclude that the trial judge could not properly deny relators' motion for leave based on § 33.004(g). The failure to give relators a chance to replead alone is sufficient to demonstrate an abuse of discretion under that provision. *See id*. at 810 (stating that trial judge lacked discretion to deny motion for leave to designate without affording movant an opportunity to replead); *In re Coppola*, 535 S.W.3d at 507 ("Trial courts have no discretion to deny a timely filed motion to designate absent a pleading defect and an opportunity to cure . . . ."). Further, we conclude that relators' allegations against the proposed RTPs in their motion for leave to designate are sufficient under the fair-notice standard. *See In re YRC Inc.*, 646 S.W.3d at 810. As to three of the proposed RTPs, relators alleged that they were contractors who were hired to maintain "the refrigerator water line connection," that they performed their work defectively and negligently, and that their defective work proximately caused Smith's damages. As to the remaining proposed RTPs, relators alleged that they were owners of condominium units adjacent to Smith's unit, that they breached their duties "to prevent sources of water intrusion" and "to mitigate water intrusion originating in their respective units," and that by breaching these duties they proximately caused Smith's damages for which he was suing relators. These allegations sufficed to give Smith fair notice of the nature of the controversy, the issues raised by the RTP designations, and the types of evidence that might be relevant to those issues.

The trial judge abused his discretion to the extent he denied relators' RTP motion based on § 33.004(g).

### 5.     Smith's Evidence-Based Objection

In the trial court, Smith objected to relators' motion for leave based on the assertion that relators had not produced any evidence to support the RTPs' inclusion in the lawsuit. Indeed, the first paragraph of the "Argument & Authorities" section of Smith's trial-court objection quoted § 33.004(*l*), which authorizes a motion "to strike the designation of a responsible third party" on no-evidence grounds. *See* CIV. PRAC. & REM. § 33.004(*l*).

Relators argue that Smith's no-evidence objection to relators' RTP motion was premature, improper, and did not constitute a valid basis for the trial judge to deny relators' RTP motion. We agree. The sufficiency of the evidence to show a proposed RTP's responsibility is not a relevant consideration at the motion-for-leave-to-designate stage of the process. *See In re Cook*, 629 S.W.3d 591, 598 (Tex. App.—Dallas 2021, orig. proceeding [mand. denied]) (en banc). An evidence-based challenge must be made by motion for summary judgment, motion to strike the RTP designation, objection to the RTP's inclusion in the jury charge, or some other challenge permitted by the rules. *See id*.; *see also In re Coppola*, 535 S.W.3d at 508 ("The trial court may later [i.e., after designation has been allowed] strike the designation if, after adequate time for discovery, no legally sufficient evidence of responsibility exists.").

We conclude that the trial judge could not properly rely on Smith's objection, which was in substance a premature § 33.004(*l*) motion to strike, as a basis for denying relators' motion for leave to designate RTPs.

### 6. Smith's Sword-and-Shield Argument

Finally, Smith invokes the sword-and-shield metaphor, arguing that even if relators' motion for leave was timely, relators should not be allowed to introduce evidence of any responsibility on the RTPs' part because relators maintained during discovery that all such evidence is either irrelevant or privileged. Smith cites no authority for the premise that such conduct is relevant to the question of whether a motion for leave to designate RTPs should be granted (outside the narrow confines of § 33.004(d), as discussed above). We conclude that the admissibility or inadmissibility of any particular evidence relators might someday offer is simply irrelevant to the questions presented in this original proceeding.

### 7. Conclusion

We sustain relators' first issue and therefore need not address their second issue.

### B. Issue Three: Do relators have an adequate remedy by appeal?

A party aggrieved by the erroneous denial of its motion for leave to designate RTPs ordinarily lacks an adequate remedy by appeal. *See In re Coppola*, 545 S.W.3d at 510 ("[O]rdinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial

–14–

of a timely-filed section 33.004(a) motion."); *accord In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787–88 (Tex. 2020) (orig. proceeding) (per curiam). We see no reason the ordinary rule should not apply to this case. Accordingly, we conclude that relators' appellate remedy for the trial judge's error is inadequate. We sustain relators' third issue.

## V. CONCLUSION

We conclude that the trial judge abused his discretion by denying relators' motion for leave to designate RTPs and that relators do not have an adequate remedy by appeal. Accordingly, we conditionally grant relators' petition for writ of mandamus and direct the trial judge to (1) vacate his June 10, 2024 order denying relators' motion and (2) sign an order granting relators' motion. A writ will issue only if the trial judge does not comply.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

240990F.P05

–15–