**Opinion issued April 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-26-00174-CV**

————————————

**IN RE UNIVERSAL PROTECTION SERVICE, LP D/B/A ALLIED UNIVERSAL SECURITY SERVICES AND UNIVERSAL PROTECTION SERVICE, LLC D/B/A ALLIED UNIVERSAL SECURITY SERVICES, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relators, Universal Protection Service, LP, doing business as Allied Universal Security Services, and Universal Protection Service, LLC, doing business as Allied Universal Security Services, filed a petition for writ of mandamus challenging the trial court's November 8, 2025 "Order Denying [Relators'] Motion to Designate

Sheltric Jermaine Lott as Responsible [Third] Party."[1]  Relators' petition for writ of mandamus asserted that the trial court erred by denying their motion for leave to designate a responsible third party because the motion was timely filed—more than sixty days prior to trial—and real parties in interest, Brittney Jean Solbo Luna, individually and as next friend of J.J.L. and I.M.L., her minor children, and as personal representative of the Estate of Michael David Luna, failed to object to the motion for leave to designate.[2]  Relators requested that the Court grant their petition and issue a writ of mandamus directing the trial court to vacate its November 8, 2025

---

[1]  The underlying case is *Brittney Jean Solbo Luna, Individually, and as Next Friend of J.J.L. and I.M.L., her Minor Children, and as Personal Representative of the Estate of Michael David Luna v. Integrity Global Security Services, LLC, Universal Protection Service, LP d/b/a Allied Universal Security Services, Universal Protection Services, LLC d/b/a Allied Universal Security Services, G2G Event Staffing, LLC, and G2G Cleaning, LLC d/b/a G2G Event Staffing*, Cause No. 2022-21224, in the 333rd District Court of Harris County, Texas, the Honorable Tracy D. Good presiding.

[2]  At the request of the Court, on March 23, 2026, a response to the petition for writ of mandamus was filed by real parties in interest.  Notably, in their response, real parties in interest stated that they "d[id] not oppose the relief sought by [r]elators" in their mandamus petition.  They noted that relators and real parties in interest had filed, in the trial court, a stipulation that real parties in interest do not oppose relators' request to designate Sheltric Jermaine Lott as a responsible third party.  While the record shows that the parties submitted a proposed order formalizing this stipulation with the trial court, the Court's records do not indicate that the trial court has signed that order.  Therefore, while real parties in interest agree that mandamus relief is warranted, because the Court's records do not indicate that the trial court has signed the proposed order designating Sheltric Jermaine Lott as a responsible third party in the underlying trial court proceedings, this original proceeding has not been rendered moot.

order denying their motion for leave to designate and to further "direct the trial court to grant [r]elators' Motion to Designate."

In connection with their petition for writ of mandamus, relators also filed an "Emergency Motion for Immediate Temporary Relief to Stay Trial." In their motion, relators requested that the Court stay the March 18, 2026 trial setting and all pretrial proceedings pending resolution of the petition for writ of mandamus. The Court granted relators' motion and stayed trial court proceedings.

We further requested a response to the petition for writ of mandamus, and real parties in interest filed a response to the mandamus petition. In their response, real parties in interest stated that they did "not oppose the relief sought by [r]elators" in the petition for writ of mandamus.

We lift the stay imposed by our March 3, 2026 order and conditionally grant relators' petition for writ of mandamus.

## Background

The underlying cause arises out of a wrongful death suit filed by real parties in interest against relators and Sheltric Jermaine Lott, among others. The mandamus petition alleged that, on or around August 24, 2021, Michael David Luna and one of his minor children were patrons at a Houston-area Walgreens store. Lott was a security guard at the Walgreens. Relators subcontracted a security contract for the

Walgreens store to Integrity Global Services, LLC, which "employed, trained, supervised, and controlled" Lott.

The lawsuit filed by real parties in interest alleged that during their visit to the store, Luna was waiting outside the Walgreens while his daughter was shopping. While his daughter was inside the store, there was an altercation between Luna and Lott, resulting in Lott fatally shooting Luna. Real parties in interest, Luna's surviving spouse, children, and his estate, initially filed the underlying wrongful death suit against Lott, Integrity—his employer—and relators on or around April 7, 2022.

On October 9, 2024, real parties in interest moved to nonsuit their claims against Lott, stating that the nonsuit was requested because "Lott previously declared bankruptcy and has now been discharged by the bankruptcy court and is therefore immune from the . . . claims" of real parties in interest. The nonsuit of Lott was signed by the trial court on October 17, 2024.

On February 18, 2025, the trial court signed an agreed docket control order, setting the underlying cause for trial on August 25, 2025. On June 25, 2025, sixty-one days prior to the trial setting, relators filed a "Motion to Designate Responsible Third Party," seeking to designate Lott as a responsible third party pursuant to section 33.004 of the Texas Civil Practice and Remedies Code. On September 10, 2025, the trial court reset the trial setting to December 8, 2025.

4

On November 8, 2025, the trial court signed an order denying relators' motion to designate Lott as a responsible third party. There is no indication in the mandamus record that any objection to the designation was filed by real parties in interest, nor that the trial court held a hearing on the motion. Despite that, the trial court signed the order denying the motion to designate, providing no explanation for its ruling.

As noted above, on September 10, 2025, the trial court issued an order resetting trial to December 8, 2025. As a part of that order, the trial court also set docket call for December 1, 2025. After real parties in interest failed to appear at docket call, the trial court dismissed the case for want of prosecution on December 3, 2025. However, real parties in interest filed a timely motion to retain/reinstate the case, and on January 8, 2026, the trial court granted that motion, reinstating the case and setting the case for trial on March 16, 2026.

After the underlying cause was reinstated, relators filed their petition for writ of mandamus challenging the trial court's order denying their motion for leave to designate Lott as a responsible third party, along with their motion for temporary relief, on February 20, 2026. The Court granted relators' motion for temporary relief, staying the trial setting, and requested a response to the petition for writ of mandamus. On March 23, 2026, real parties in interest filed a response stating that they did not oppose relators' request for mandamus relief.

5

For the reasons discussed below, we conditionally grant relators' petition for writ of mandamus.

**Standard of Review**

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus relief is only appropriate where the relator establishes both that the trial court abused its discretion or violated a legal duty imposed by law, and the party has no adequate remedy at law. *See id.*; *see also In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005). A trial court clearly abuses its discretion where it "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it fails to correctly analyze or apply the law." *See In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (internal quotations omitted).

With respect to whether a relator has an adequate alternative remedy, generally, "[m]andamus should not issue to correct grievances that may be addressed by other remedies." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009). However, "a majority" of the Texas intermediate appellate courts have concluded that "when a timely filed motion to designate a responsible third party is erroneously denied, no adequate remedy by appeal ordinarily exists." *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017); *see also In re Bustamante*, 510 S.W.3d 732, 739 (Tex. App.—San Antonio 2016, orig.

6

proceeding); *In re Volvo Grp. N. Am., LLC*, No. 10-16-00113-CV, 2016 WL 3136354, at *2 (Tex. App.—Waco June 2, 2016, orig. proceeding) (mem. op.); *In re Greyhound Lines, Inc.*, No. 05-07-01646-CV, 2014 WL 1022329, at *4 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.); *In re E. Rio Hondo Water Supply Corp.*, No. 13-12-00528-CV, 2012 WL 5377898, at *10 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2012, orig. proceeding) (mem. op.); *In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex. App.—El Paso 2010, orig. proceeding). Therefore, "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." *In re Coppola*, 535 S.W.3d at 510.

## Analysis

Section 33.004 of the Texas Civil Practice and Remedies Code provides that a "defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Any such "motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.*

The statute further provides that a "court *shall* grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is

7

served." *Id*. § 33.004(f) (emphasis added). Notably, even where an objection is filed, the trial court:

> *[S]hall* grant leave to designate the person as a responsible third party unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure."

*Id*. § 33.004(g) (emphasis added).

Here, we need not even reach the question of the sufficiency of the facts alleged in relators' motion, or whether the trial court granted relators the required opportunity to replead, because real parties in interest did not object to relators' timely motion to designate Lott as a responsible third party. Based on the absence of an objection alone, the trial court was required to grant leave to designate Lott as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f) ("A court *shall* grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th days after the date the motion is served." (emphasis added)); *see also In re Carrillo*, 677 S.W.3d 165, 168 (Tex. App.—El Paso 2023, orig. proceeding) ("By the plain language of the statute, a trial [court] shall grant the motion for leave to designate if no timely objection is filed.").

8

Accordingly, we conclude that the trial court abused its discretion by denying relators' motion for leave to designate Lott as a responsible third party. *See In re Carrillo*, 677 S.W.3d at 168; *see also In re NCS Multistate, LLC*, 650 S.W.3d 182, 190 (Tex. App.—El Paso 2021, orig. proceeding) ("If an objecting party fails to timely object, the trial court must grant leave to designate the responsible third party requested by the movant.").

We further conclude that relators lack an adequate remedy at law because where a trial court incorrectly denies a motion for leave to designate responsible third parties, "permitting trial to proceed without [the] responsible third parties would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [relators'] defense in ways unlikely to be apparent in the appellate record." *In re Hidden Lakes Dev. Partners, LP*, No. 01-22-00152-CV, 2023 WL 3873359, at *6 (Tex. App.—Houston [1st Dist.] June 8, 2023, orig. proceeding) (mem. op.) (internal quotations omitted) (granting mandamus relief where trial court erroneously denied motion for leave to designate responsible third parties).

**Conclusion**

Because the trial court has abused its discretion in denying relators' motion for leave to designate Lott as a responsible third party, we conditionally grant mandamus relief and direct the trial court to (1) vacate its November 8, 2025 order

9

denying relators' motion for leave and (2) grant relators' motion for leave to designate Lott as a responsible third party. We further lift the stay imposed by our March 3, 2026 order.

We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.

<div style="margin-left: 40%;">

Susanna Dokupil
Justice

</div>

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.